LAND, Justice.
 

 On December 14, 1888, Isaac Bush sold to James Heffner, a resident of the Parish of Caddo, by authentic act duly recorded, the following described property: “Lot Number Twenty (20) containing five acres; Also Lot number twenty one (21) containing Two and Jio acres; as per map of Smiths Subdivision of the West half of Section number Twenty five (25), Township eighteen of Range fourteen and recorded in Conveyance Book S, page 570.” Exhibit P. “1”, Tr. p. 14.
 

 On April 18, 1901, James Heffner sold to Shreveport Water Works Co., by authentic act duly recorded in Conveyance Book 28, page 197, the following described property: “A certain tract or parcel of land’situated in Section Twenty-five (25) Township (18) Range Fourteen (14) in Caddo Parish, Louisiana, described as follows, to-wit: Commencing at the Northwest corner of Lot No. 19 of the Smith’s Subdivision as per map recorded in Conveyance Book S page 570 of the Recorder’s Office and run thence South on the line dividing Sections Twenty-five and Twenty-six six hundred feet to the place of beginning, thence due East three hundred feet
 
 to the bank of Cross Bayou, thence along the bank of said bayou to the point of intersection with said line dividing said Section,
 
 thence along said line three hundred and five feet to place of beginning,
 
 containing one acre more or less, and shown by map hereto annexed
 
 and made part hereof.” Exhibit D “1,” Tr. p. 16. (Italics ours.)
 

 “Admission
 

 “It is admitted that the City of Shreveport Water Works Company acquired title to that
 
 certain triangular parcel of land
 
 which is described in Conveyance Book 28, page 127, from James Heffner, the father and the author in title of the plaintiff herein.” Tr. p. 20. (Italics ours.)
 

 “Admission
 

 “It is admitted that the City of Shreveport acquired
 
 all of the assets of the Shreveport Water Works Company, including the triangular parcel of land described in the above deed together with any rights of accretion or alluvion which the Water Works Company might have had at that time.
 

 “It is admitted that the Shreveport Water Works Company acquired all of the bed of Blind Bayou leading from Twelve Mile Bayou down to the parcel of land in litigation from the various owners as shown by the deeds described in Article 11 of the defendant’s answer, and as shown by the
 
 *717
 
 map of the Shreveport Water Works Company, blue print of which is filed herein and marked D-2.” Tr. p. 21. (Italics ours.)
 

 “Agreed Statement of Facts
 

 “In this case, it is agreed by and between plaintiffs and defendant that James Heffner, during the year 1888 became the owner of Lots 20 & 21 of the Smith Cross Bayou Subdivision, Caddo Parish, Louisiana, and remained the owner of said property up to the time of his death in the year 1904
 
 with the exception of that property sold by him to the Shreveport Waterworks Company
 
 and described in deed recorded in Conveyance Book 28, page 197 of the Records of Caddo Parish, Louisiana.
 

 “It is further agreed that at the time of James Heffner’s death he left six (6) children as his sole and only heirs, and who inherited from him the property above referred to, namely: Mrs. Sallie Jarnigan, Mrs. Mattie Seay, Mrs. Mary Welborne, Mrs. Nannie Welborne, Mrs. Laura Booth, Mrs. Ollie Akard.
 

 “That Mrs. Ollie Akard acquired from her said sisters all of their interest in and to said property by purchase, by virtue of deeds dated July 23, 1904, and February 28, 1905, respectively.” Tr. p. 12 (Italics ours.)
 

 This is an action in jactitation brought by Mrs. Ollie Akard, and her mineral lessee, Walter B. Chandler, against the City of Shreveport. The defendant has converted the action into a petitory action and the only issue in the case is as to the ownership of the alluvion, adjacent to the triangular strip or tract owned by the City of Shreveport, both plaintiff and defendant claiming ownership of same. Defendant denies the validity of the mineral lease, in so far as it affects the alluvion owned by the City of Shreveport.
 

 The triangular tract, involved in this case, is shown on a map made March, 1902, to indicate the “Property of Shreveport Water Works Co. along Blind Bayou.” See Exhibit “D-2.”
 

 The deed from James Heffner, father of plaintiff, to Shreveport Water Works, marked “D. 1” for identification, states the call “along the bank of Cross Bayou.” The map annexed thereto traces this call and only
 
 a pin line
 
 separates the land sold from the waters of Cross Bayou. Any deficiency in the language used in the deed is supplied by the plat annexed, which controls. Gray v. Coco, 113 La. 33, 36 So. 878, and numerous cases there cited. This map clearly leaves no ownership in the grantor of any land between the legs of the triangle and Cross Bayou or the waters thereof. When being cross-examined upon this map, the witness Mr. H. E. Barnes, civil engineer, states an obvious truth, namely, that there never was a bank along the course between the opposite ends of the hypotenuse of the triangle, or along the line connecting the northeast corner of the tract purchased by the Water Works Company and the southwest corner of the same tract. (Tr. pp. 36, 37.) This was true because this line crosses the mouth of Blind Bayou. (Tr. p. 35.) Obviously, where the mouth of Blind Bayou ends, the water line of Cross Bayou begins.
 

 
 *719
 
 The plaintiff in the suit offered no testimony whatever showing that there was any intention on the part of her author in title to reserve any land between the triangular parcel conveyed and Cross Bayou, nor was any evidence offered to show that there was any accretion at the time of the sale in front or between this tract and
 
 Cross
 
 Bayou.
 

 Plaintiff in this suit has no claim whatever to any land that has formed in front of this triangular parcel but is entitled only to that accretion formed in front of the land which she may have acquired from her father and sisters. The court must, therefore, determine the lines which will be projected in front of the triangular tract to ascertain what portion of the accretion has become a part of that parcel. The testimony of Mr. H. E. Barnes, a civil engineer connected with the City of Shreveport for the last twenty years, shows that the lines which he has projected on Map “D-3” apportion this accretion to the riparian owner, the City of Shreveport, in the proportion which the total extent of the front line of this triangular parcel bears to the total quantity of the alluvial soil to be divided, which is 54% of the made land of 4.014 acres.
 

 This procedure is fully sanctioned by Article 516 (508) of The Revised Civil Code, which declares: “If an alluvion be formed in front of the property of several riparian proprietors, the division is to be made according to the extent of the front line of each at the time of the formation of the alluvion.”
 

 In Heirs of Delord v. City of New
 
 Orleans,
 
 11 La.Ann. 699, it was held by the court: “The course of the side lines of property,
 
 in
 
 front of which alluvion is formed, is of no consequence in the division of the alluvion forrped subsequently to the conveyance or grant. The line of such division must be drawn in such manner, as that each of the contiguous riparian proprietors shall have such proportion of the alluvial soil as the total extent of his front line bears to the total quantity of the alluvial soil to be divided. C.C. 508 [516].”
 

 Judgment was rendered by the District Court recognizing the plaintiff, Mrs. Ollie Akard, as the true and lawful owner of the following described property: “Lots 20 & 21 of the Smith Cross Bayou Subdivision as per map in Conveyance Book ‘S’ page 570, of the Conveyance Records of Caddo Parish, Louisiana, together with all alluvion formed by accretion lying next to and adjacent to said Lot 21, less that portion of said property sold to the
 
 City
 
 of Shreveport, as per deed of date April 18, 1901, and appearing of record in Conveyance Book 28, page 127 of the Records of Caddo Parish, Louisiana.”
 

 The judgment further recognized the City of Shreveport as the owner of the property described in the deed of date April 18, 1901, and appearing of record in Conveyance Book 28, page 127, of the Records of Caddo Parish, Louisiana (the triangular tract), and rejected the demands of the City as to the ownership of the alluvion claimed as accrued to said tract. The judgment further decreed that plaintiff,
 
 *721
 
 Walter B. Chandler, be recognized as the owner of the interest created by that certain oil, gas and, mineral lease executed by Mrs. Ollie H. Akard and recorded in Conveyance Book 394 page 21 of The Records of Caddo Parish, Louisiana.
 

 From this judgment the City of Shreveport appeals.
 

 The judgment appealed from is affirmed in so far as it decrees plaintiff, Mrs. Ollie H. Akard, to be the owner of Lots 20 and 21 of the Smith Cross Bayou Subdivision, less that portion of said property sold to the City of Shreveport as per deed of date April 18, 1901, and appearing of record in Conveyance Book 28, page 127 of the Records of Caddo Parish, Louisiana; and the judgment is further affirmed in that it recognizes the City of Shreveport as owner of said property.
 

 • The judgment is reversed to the extent that it rejects the demands of the City of Shreveport for the alluvion lying next to and adjacent to the triangular lot or. parcel owned by the city, and in that it recognizes plaintiff as the owner of this alluvion.
 

 The judgment is also reversed in that it maintains the validity of the mineral lease held by plaintiff, Walter B. Chandler, covering the alluvion herein claimed and owned by the City of Shreveport.
 

 It is now ordered, adjudged and decreed that the City of Shreveport be and is hereby recognized as the true and lawful owner of fifty-four per cent (54%) of the alluvion, or 4.014 acres, lying next to and adjacent to the triangular tract or parcel owned by the City of Shreveport, as shown by Map “D-3”, filed in the transcript -in this case, and entitled “Plat of Part of S. W.
 
 %
 
 of N.W. % of Section 25, T. 18 N., R. 14 W., showing Topography and Location of Tract Sold by James Heffner to Shreveport Water Works Co., July 10, 1901, and Recorded Book 28, page 197.
 

 “Dec.-14, 1939. Shreveport, La.
 

 “Scale: 1" = 60'. Eng’rg. Dep’t.”
 

 It is further ordered that plaintiff pay the costs of' appeal and of the District Court.
 

 O’NIELL, C. J., takes no part.