**26 So.2d 16**

**EMERSON et al. v. COTTON et al.**

**No. 37712.**

March 18, 1946.

Rehearing Denied April 22, 1946.

Pyburn & Pyburn, of Shreveport, for plaintiffs-appellants.

W. H. Thompson, of Monroe, George V. Cotton, of Winnsboro, and Jesse C. McGee, of Harrisonburg, for defendants-appellees.

PONDER, Justice.

This is a petitory action wherein the plaintiffs seek to be decreed the owners of the W½ of the NW¼ and the NW¼ of the SW¼ of Sec. (12), Township Six (6) North, Range Six (6) East of Louisiana Meridian, Parish of Catahoula, containing 119.40 acres, more or less.

The property involved in this suit was acquired by Daniel Smith on September 5, 1856, from the State of Louisiana by patent. Daniel Smith, at the time of his death, July 15, 1866, owned Smithland Plantation, containing 1,100 acres of land, more or less. The land in controversy and other lands previously acquired by Daniel Smith constituted Smithland Plantation.

At the time Daniel Smith died, he was indebted to A. D. Rawlings in a large sum of money. On August 13, 1868, Martha Smith Farrar and Elizabeth Smith Pipes, daughters and sole heirs of Daniel Smith, gave five promissory notes to A. D. Rawlings for the sums of $2,644 each, bearing interest at the rate of 8% and being payable March 1, 1869, 1870, 1871, 1872, and 1873. They executed a mortgage on Smithland Plantation to secure these notes. The mortgage was executed on the property in order to avoid the expense and delay of opening the succession of Daniel Smith and for the purpose of securing the debt.

Smithland Plantation is described in the mortgage and designated as being the same lands purchased by Daniel Smith from the State of Louisiana and three other named parties. The land involved in this suit is the only land that Daniel Smith purchased from the State of Louisiana.

The heirs of Daniel Smith failed to pay the debt, and A. D. Rawlings brought executory proceedings on November 10, 1873, to foreclose the mortgage. In Rawlings's petition, Smithland Plantation is described, and the statement is made therein that the property is more fully described in the copy of the act of mortgage attached and made part thereof. On the same day, the judge of the district court executed an order decreeing the mortgage to be executory and ordered the seizure and sale of the property described in the petition and copy of mortgage annexed. The judge further ordered the property to be sold for what it would

bring to satisfy the indebtedness. In pursuance to the order of the district court, the sheriff of the parish seized Smithland Plantation, advertised it, and sold it to A. D. Rawlings, the highest bidder, after it had been divided in lots.

The sheriff executed a deed to A. D. Rawlings on January 3, 1874. The recitals in the deed show that Smithland Plantation was seized in obedience to the order of the district judge; that the heirs were given notice to select an appraiser; that the property was duly advertised; that the notices of sale were posted in three public places and published in a parish newspaper; that the parties having failed to cause the property to be divided in lots, the sheriff appointed Charles J. Boatner, there being no surveyor in the parish, to divide the property in lots; that the property was divided in accordance with a plat annexed to the deed and marked "A;" that the property was appraised separately by lots; that the advertisement, writ of seizure and sale, and mortgage certificates were read; that the property was offered for sale in separate lots as appraised; that A. D. Rawlings bid two-thirds of the appraised value of each lot, from lot one to lot twenty-seven, separately, an aggregate of $7,-583.38; that Rawlings's bid was the highest bid, and the property was adjudicated to him; and that the sheriff sold, transferred, set over, and delivered unto A. D. Rawlings all the rights, title, and interest of the heirs of Daniel Smith in the above described property with the buildings and improvements thereon, rights and appurtenances thereto attached or appertaining.

The recital in the deed showing what property was actually seized in obedience to the order of the district judge describes it as follows:

"A certain tract of land and cotton plantation situated on the West bank of Black River in the Parish of Catahoula, called 'Smithland Plantation,' containing Eleven hundred acres more or less and situated in Sections Nos. 12, 13, 14, & 24 in T. 6 Range 6 East, Land District North of Red River, bounded South by lands formerly belonging to Frank Leatherman, East by lands of one Leatherman & James Dunckley, and the heirs of R. W. Prater, South by lands of the Widow McClure and Ebenezer Williams, and West by lands of Noah Reddick and Est. of Folk. * * * "

The record does not disclose that there was any plat attached to the sheriff's deed showing that Charles J. Boatner divided the plantation into the lots. However, there is of record an instrument dated January 3, 1874, which is recorded in the same conveyance book in which the sheriff's deed is recorded. This instrument was recorded on January 5, 1874, and, from an examination, reveals that the lands of Smithland Plantation were divided in twenty-seven lots and appraised by John Dosher and Charles J. Boatner. This instrument shows that the aggregate acreage was 1,082.80 acres, and the total appraisement

was $11,325.07. For some reason, the land involved in this suit is not listed in this instrument and is not included in the lots enumerated therein.

The plaintiffs, Elizabeth Pipes Emerson, Ernest D. Pipes, Belle Pipes McAda, Lloyd F. Pipes, and Robert W. Pipes, allege that they acquired the disputed property by inheritance from their ancestor, Daniel Smith, who acquired the property from the State of Louisiana by patent. The plaintiff, D. B. Kain, is the holder of an oil, gas, and mineral lease executed by the other plaintiffs as heirs of Daniel Smith.

The plaintiffs take the position that Daniel Smith or his heirs have never been divested of this property.

The defendants, Grover C. Womack and Noah R. Cotton, contend that they are the owners of the property, and the defendant Joe F. Belt, the holder of an oil, gas, and mineral lease executed by Womack and Cotton, supports them in this contention. They trace their title to the sheriff's deed of January 3, 1874, wherein the sheriff adjudicated Smithland Plantation to A. D. Rawlings.

The defendants have interposed exceptions and pleas of prescription which are not necessary to recite at this time. It will only be necessary to discuss them in event the lands involved herein were not included in the adjudication to A. D. Rawlings.

The plaintiffs in this suit must rely on the strength of their own title and not the weakness of the defendants' for the reason that this is a petitory action.

The first question presented is whether or not the heirs of Daniel Smith were divested of the property herein involved by the deed to A. D. Rawlings of January 3, 1874, in other words, did the deed convey the disputed property to A. D. Rawlings.

From our appreciation of the evidence, the property involved formed a part of Smithland Plantation. It was included in the mortgage given by the heirs of Daniel Smith to A. D. Rawlings. The recitals of the mortgage show that Smithland Plantation included lands acquired by Daniel Smith from the State of Louisiana and other parties. The only land that Daniel Smith purchased from the State of Louisiana is the land in dispute. Such being the case, the conclusion is inescapable that this land with the other portions of Smithland Plantation were mortgaged. The district judge ordered the sale of Smithland Plantation to satisfy the debt. Smithland Plantation was seized by the sheriff and duly advertised for sale.

Assuming that the instrument signed by Dosher and Boatner, purporting to divide the plantation in lots, is the plat referred to in the sheriff's deed of 1874, the failure to include the property in dispute in any of the lots would not alter the fact that it was Smithland Plantation that was sold at the sheriff's sale.

From an examination of the sheriff's deed of 1874, the conclusion is inescapable that Smithland Plantation was sold. While mention is made that it was divided in lots, the deed itself does not recite what land the lots contained.

■ The plaintiffs are relying on extrinsic evidence, the instrument purporting to divide the land into lots. In arriving at the identity of the property that was actually sold, the other extrinsic evidence, the mortgage, the order of seizure and sale, and the notice of sale, must also be taken into consideration.

Anyone examining the sheriff's deed would have been informed that Smithland Plantation had been seized and was being sold by order of a competent court to satisfy a mortgage debt in an entitled and numbered suit. In order to arrive at the true description of the property sold, the instruments referred to in the deed should be consulted.

■ In Lawler v. Bradford, 113 La. 415, 37 So. 12, the syllabus by the court is as follows:

"Where reference is made in an act of sale of real estate to the title under which the vendor holds, both acts should be consulted, and taken together, to ascertain the true description of the property. [City] Bank v. Denham,· 7 Rob. [39], 40; Labiche v. Jahan, 9 Rob. 30."

■ This Court has held in a number of cases that where a plantation or property known by a specific name was conveyed the name itself must be considered in identifying the property. In fact, some of the decisions go so far as to state that the name itself is almost a sufficient description. Levy v. Ward, 33 La.Ann. 1033; Dickson v. Dickson, 36 La.Ann. 870; Bryan v. Wisner, 44 La.Ann. 832, 11 So. 290; Robinson v. Atkins, 105 La. 790, 30 So. 231; Suthon v. Laws, 127 La. 531, 53 So. 852.

■ The plaintiffs in this suit, except the holder of the mineral lease, are heirs and descendants of the two parties who executed the mortgage on the property and are in no position to contradict the assertions of their ancestors in the mortgage that the disputed property was included in Smithland Plantation. The purport of the sheriff's deed was to convey Smithland Plantation. Nothing therein indicates that the sheriff was conveying any lands less than the entirety of Smithland Plantation. Smithland Plantation was sufficiently described apart from the numbers of the lots or what was contained in the lots. The error in dividing the lots could not defeat the true intent and purpose to convey Smithland Plantation in its entirety. Dickson v. Dickson, supra.

It is not necessary for a decision in this case to review the parole testimony or pass on its admissibility. However, there are authorities indicating that it is admissible where there is an ambiguity. The deed itself with the extrinsic evidence sufficient-

ly shows that Smithland Plantation was sold in its entirety at the sheriff's sale irrespective of the fact that an error was made in not including the disputed property when the plantation was divided into lots in order to comply with the provisions of Act No. 40 of 1869. If it were otherwise, many public adjudications would be set at naught.

 Description of property in deeds must be liberally construed to sustain rather than defeat a conveyance. Harrill v. Pitts, 194 La. 123, 193 So. 562; Snelling v. Adair, 196 La. 624, 199 So. 782; Rock Island, A. & L. R. Co. v. Guillory, 205 La. 141, 17 So.2d 13.

The case of Borde v. Erskine, 33 La. Ann. 873, cited by the plaintiffs, is not applicable. In that case, the court set aside the sale because the lots therein involved were not offered separately in compliance with the provisions of Act No. 40 of 1869. The court stated that such provisions were mandatory.

The plaintiffs are not seeking to set aside the sheriff's sale. As we take it, they claim that they were not divested of the property because it was not included in the lots sold at sheriff's sale.

In the present case, the provisions of Act No. 40 of 1869 were complied with, but through error or oversight, the property involved herein was not included in these lots irrespective of the fact that it was the

intent and purport of the sale and deed to convey the property in its entirety.

Having arrived at the conclusion that the sheriff's deed to A. D. Rawlings conveyed the plantation in its entirety, it is unnecessary to go into the exceptions and pleas interposed by the defendants.

For the reasons assigned, the judgment of the district court, dismissing the plaintiffs' suit, is affirmed.

FOURNET, J., takes no part.