YARRUT, Judge.:
Plaintiffs-Appellants sue to establish title to Section 34, Township 13 South, Range 22 East, Southeastern District of Louisiana, West of the Mississippi River, Jefferson Parish, Louisiana.
Defendants-Appellees, on the other hand, claim title only to that portion of Section 34 as is described in their answer. As stipulated between the parties, the issue is confined to that portion of Section 34 identified as the “property in dispute,” a 129.67 acre tract of a total of 184.27 acres.
In 1866 Theodore Soniat, Sr. acquired the property known as Section 34, Township 13 South, Range 22 East, Southeastern Land District of Louisiana, west of the Mississippi River, located within the Parish of Jefferson and containing some 184.39 acres, at sheriff’s sale made on March 17. On January 23, 1882, Theodore Soniat, Sr. sold certain property to Eugene and Amedee Fortier. Plaintiffs contend that Theodore Soniat, Sr. therein conveyed title to Section 34, presently in dispute, to the two Fortiers. The Defendants deny this.
All parties have stipulated that, unless the deed of January 23, 1882, did transfer title to Section 34, Theodore Soniat, Sr. never parted with title to Section 34, or any interest therein, subsequent to the sheriff’s deed of 1866, with the exception of one right-of-way.
Plaintiffs are the heirs of Amedee For-tier, who, on December 7, 1893, acquired from Eugene Fortier the other half interest in the property transferred on January 23, 1882. They are also heirs to one-third of the Succession of Theodore Soniat,. Sr. Defendants are other heirs of Theodore Soniat, Sr.
Neither Plaintiffs nor Defendants, nor any other person, are in possession of Section 34, the property in dispute; so- the-only question presented in this litigation is-the interpretation of the description- contained in the deed from Theodore- Soniat,. Sr. to Eugene and Amedee Fortier, in order to determine whether Theodore Soniat,. Sr. disposed of, and the Fortiers acquired,, the “property in dispute,” viz.:
“A certain tract of land situated' in-the Parish of Jefferson on the Right Bank of the Mississippi River, at about nineteen miles from the City of New Orleans, measuring more or less Fifteen (15) arpents, one hundred andtem (110) feet front on the Mississippi-River by a depth of Forty (40) arpents-between side lines which close im such a manner that said plantation- has on the rear lines Eleven Arpents Eighty Five feet (11 arpents 85 ft.) more or less; together with all the buildings and improvements thereon, consisting of steam engine, sugar mill, kettles, boilers, sugar house, and accessories,, stable, cabins and a small dwelling house, thirty three mules, nine carts,, fourteen plows, five hundred barrels corn, eighty cart-loads of pea vines, eighty cords of wood, and also all other-agricultural implements, tools and accessories and dependencies thereunto-belonging and appertaining.
“Being the same property which the-present Vendor Theodore Soniat du-Fossat, Senior, had acquired at a sale-made by the Sheriff of the Parish of' Jefferson, on the 17th day of March,. *93 1866, in the matter of Theodore Soniat vs. Benjamin Johnson, et als, No. 2045 of the docket of the late Second Judicial District Court for the Parish of Jefferson, which deed was registered in the Conveyance Office Book I.J. Folio 304 on the 12th April, 1866, recorded in Deed Book B, folio 364 on the 13th April, 1866 Clerk’s Office, and also registered in the Conveyance Book M, folios 451 to 454 on the 22nd November, 1872.”
It is conceded that if the transfer by Theodore Soniat, Sr. to the Fortiers, father and son, did convey title to this property, Plaintiffs own the whole thereof. Conversely, if Theodore Soniat, Sr. did not transfer the property in dispute, then Plaintiffs and Defendants own the property in indivisión in the proportions set forth in the judgment.
The district court rendered judgment in favor of Defendants and against Plaintiffs, decreeing Defendants to be owners of an undivided two-thirds interest in the “property in dispute” (describing it in detail), and Plaintiffs to be owners of the other undivided one-third thereof, reserving to all parties their right to assert an interest in the remaining portion of Section 34, not at issue here.
From this judgment Plaintiffs have taken this appeal, contending they should have been decreed to be owners of the whole of the “property in dispute.”
Plaintiffs contend the above description of the property in the 1882 deed is ambiguous, and that the court should consider evidence dehors that deed to determine the intention of the parties.
Defendants on the other hand contend: The 1882 deed did not convey to the For-tiers any title to, or interest in, the property in dispute; that said deed is not ambiguous; that if there is evidence to the contrary, the right to reform said deed of 1882 has long since prescribed under LSA-C.C. Art. 3544, which prescription Defendants have specially pleaded.
The sale made in 1882 clearly described and conveyed to the purchasers therein title to a tract of land in Section 3 of Township 13 South, Range 22 East, and did not describe, and hence did not convey, any land in Section 34 of that same Township and Range, as is readily ascertained from a consideration of that deed in connection with the Official Township Plat, and the undisputed testimony of Mr. Ben S. Garrett, a civil engineer and surveyor.
The Official Township Plat reveals that Section 3, Township 13 South, Range 22 East, lies along and is bounded in the front by the Mississippi River, and the rear by the 40-arpent line, which is the boundary common to Sections 3 and 34, the latter being the section in which the property in dispute is located. An examination of the description in the 1882 deed reveals that the property conveyed is bounded in the front by the Mississippi River and has “a depth of 40 arpents * * * ”
It is not disputed that the 1882 deed from Soniat, Sr. to the Fortiers conveyed a portion of Section 3, Township 13 South, Range 22 East; and that the instrument expressly confines itself to property situated exclusively in Section 3, and does not include any portion of the property in dispute, situated in Section 34, in the rear of said 40-arpent line.
That the 1882 deed did not cover any portion of property “in dispute” is revealed by the testimony of Mr. Garrett, Civil Engineer and Surveyor, called by Defendants in this matter, and by an examination of the top overlay of the plats prepared by Mr. Garrett.
Mr. Garrett, from prior experience in the vicinity of the property in dispute, was .retained by Defendants to determine whether lots 4 through 7 covered property in both Sections 3 and 34. On direct examination be described how he reconstructed the Surgi plan, showing lots 1 through 17 thereof on Exhibit G-2 in solid black lines. He testified that those lots as shown by the solid black lines on Exhibit G-2 extended *94 from the River to the 40-arpent line, which was also the rear line of Section 3.
•He further testified that he projected the •side lines of these lots into Section 34 and showed those projections as dashed black lines on Exhibit G-2 to satisfy language in later deeds which, after describing the lots by number, frontage and depth (always by a depth of 40 arpents) added the following ■language to describe other lands being ■conveyed "together with all rights of the ■said vendor to a greater depth than the 40 arpents above mentioned.”
In explaining why earlier deeds in the chain of title (prior to 1882) were shown on his Exhibit G-3 as covering property in Section 34, including the property in dispute, in each instance Mr. Garrett referred to language in the instrument which referred to lands lying behind the 40-arpent Tine. For example, he stated that he interpreted Exhibits S-7, S-8 and S-9 (other acts conveying the property) to include part of the property in dispute and enclosed that area within red lines on his Exhibit G-3 because:
“Each of those instruments followed the wording, 'together with all of the rights of said vendor to a greater ■depth than 40 arpents above mentioned’.”
In response to a request that he refer -to the language in Exhibit S-10 (another act conveying the property) that had caused him to show by the yellow lines on Exhibit G-3 that said instrument covered the property in dispute, Mr. Garrett read from •.that instrument as follows:
" ‘Together with all these rights, title and interest of said vendor if any’ —(here witness interrupted his reading because of difficulty of reading photostat of instrument) — ‘if any he has, in & to the land in the rear of said plantation. Together with all the buildings, improvements, steam engine, sugar mill, kettles, boilers, carts, tools, plows and so forth’.”
In response to a similar question as to why he had enclosed the property in dispute in yellow lines on the basis of the description Exhibit S-l 1, he read similar language from that deed.
Mr. Garrett’s testimony as to his reconstruction of the Surgi plan, and as to his interpretations of the deed prior to the 1882 deed, shows that he considered the reference to lots 4 through 17 (being the Surgi plan lots) described only lands in Section 3, and that the only reason he interpreted those early deeds as conveying the property in dispute was that each of those deeds, after describing the property in Section 3, added either “together with all the rights of the vendor to a greater depth than 40 arpents above mentioned” o.r “together with all these rights, title and interest of said vendor if any he has in the lands at the rear of said plantation.”
Mr. Garrett, after detailed testimony as to the work which was done as a preliminary to arriving at an opinion in this matter, testified on direct examination as follows :
“Q. As a civil engineer and surveyor, do you interpret the description in that deed as conveying any property in Section 34 of Township 13 South, Range 22 East?
“A. No, sir, I don’t.
‡ ‡ * % 5fS #
“Q. I understand then that it is your opinion that this deed which is designated as S-13, being the transfer from Theodore Soniat to Eugene and Amedee Fortier, does not describe property situated in Section 34 and particularly that property which we have referred to in this litigation as the property in dispute?
“A. That is correct.
“Q. I understand that you are familiar with the designation of prop *95 erty in dispute, having prepared the description, is that correct?
“A. Yes, sir, I have.”
Plaintiffs in the absence of any description of the property in dispute in said 1882 deed, urge that the inclusion in the description of the words "said plantation” and “dependencies thereunto belonging” and of the reference to the property as being “the same property” acquired by Soniat at a sheriff’s sale, had the effect either of expanding that description, or of rendering said 1882 deed ambiguous.
A reference to property already adequately described in a deed as "being the same property” acquired by the vendor, neither enlarges the description to include lands not described therein, nor is suggestive of an intention to convey — or—acquire — other land than that described. Bender v. Chew, 129 La. 849, 56 So. 1023; W. B. Thompson & Co. v. McNair, 199 La. 918, 7 So.2d 184.
Plaintiffs dwell at length upon the inclusion in the description of the words “said plantation.”
There is authority to the effect that, where a plantation known by a specific name has been conveyed, the name itself must be considered in identifying the property. Those cases are clearly distinguishable, in that they involved situations where it was recited that a specific plantation was being conveyed or mortgaged, by its specific name. Emerson v. Cotton, 209 La. 1003, 26 So.2d 16, and cases cited therein. Here, the deed of 1882 does not purport to convey a named plantation, but rather conveyed :
“A certain tract of land * * * measuring more or less Fifteen (15) arpents one hundred and ten (110) feet front on the Mississippi River by a depth of Fqrty (40) arpents between the side lines which close in such a manner that said plantation has on the rear lines Eleven arpents Eighty five feet (11 arpents 85 ft.) more or less; i}{ íjí
The above phrase “said plantation” is-the only reference to a plantation in the 1882 deed. • It obviously confines “the plantation” in question to the property lying between the River and the 40-arpent line,, which necessarily excludes the property in. dispute.
Since we must conclude that the reference to “said plantation” in the 1882 deed' cannot be construed as urged by Plaintiffs, their case must finally rest or fall upon the-inclusion of the words “dependencies thereunto belongingAn examination of the description reveals that the land is expressly described, following which are detailed the accessories belonging to the land,, viz.:
“together with all the buildings and improvements thereon, consisting of steam engine, sugar mill, kettles, boilers, sugar house, and accessories, stable, cabins and a small dwelling house, thirty three mules, nine carts, fourteen plows, five hundred barrels corn, eighty cart-loads of pea vines, eighty cords of wood, and also all other agricultural implements, tools and accessories and dependencies thereunto belonging and appertaining.”
The word “dependencies” can be interpreted in no other way than as referring to the buildings, equipment, agricultural implements, tools, accessories and similar equipment, materials and produce of the plantation under the doctrines enunciated by the Supreme Court of this State in Huie Hodge Lumber Company v. Railroad Lands Co., 151 La. 197, 91 So. 676, and Holloway Gravel Co. v. McKowen, 200 La. 917, 9 So.2d 228.
The 1882 deed, the deciding factor here, an authentic act, is unambiguous, and does not convey the property in dispute. Any right to reform this deed has prescribed, even if Plaintiffs had alleged and proved a basis for such reformation. Even if the 1882 deed were considered ambiguous, the *96 earlier links in the chain of title reveal that the property in dispute was never part of the Soniat property, being; situated behind the 40-arpent line; was never part of a named plantation, having always been referred to as lying to the rear of said plantation in the deeds to which Theodore Soniat, Sr. was a party; and the word “dependencies,” relied upon by Plaintiffs, has never had the significance in this chain of title, or in any other to which we have been referred, which Plaintiffs would have this court attribute to it.
The district court found the law and evidence to be in favor of Defendants, and, in accordance with their pleadings and the proof, decreed them to be the owners of an undivided two-thirds (%rds) interest, and the Plaintiffs to be the owners of an undivided one-third (^rd) interest in the property in dispute. We find no error in the factual or legal conclusions of the district court.
For the reasons assigned, the judgment of the district court is affirmed; Plaintiffs to pay all costs in both courts.
Affirmed.