HARDY, Judge.
This is a concursus proceeding in which plaintiff has deposited in the registry of the court the proportionate amount of funds representing the value of production from a unit well in Section 19, Township 19 North, Range 13 West, Bossier and Caddo Parishes, Louisiana.
Numerous parties were cited to assert their claims to the fund deposited. Two of the parties — namely, W. P. Lincoln and Raybon C. Atkins — have stipulated their interests, and, accordingly, are removed from the controversy.
The remaining interests with respect to the ownership have been, and will be hereafter, designated in this opinion as the Mangham Group and the Leonard Estate, whose interests are conflicting and constitute the burden of the controversy.
Defendants, Delta Drilling Company and Sam Sklar, claim a valid mineral lease in and to the disputed property by lease from the Mangham Group. To the contrary, the Leonard Estate asserts that there is no valid mineral lease covering the disputed property.
From a judgment in favor of the Man-gham Group, the parties referred to as the Leonard Estate have appealed.
The property in question relates to the alluvion formation of property bordering Red River.
In the year 1934 the owners of the Leonard property created the Buckhall Subdivi *457 sion, which has, by purchase, been acquired by the individuals composing the Mangham Group.
The Leonard Estate claims the alluvion on the basis of the contention that at the time of the creation of the Buckhall Subdivision in 1934 there was a strip of land separating the West lines of Lots 1 to 5 of said subdivision from the high bank of Red River; that its ownership remained in Leonard and the alluvion has therefore become the property of this estate.
To the contrary, the Mangham Group urges that the lots were purchased according to a plat of survey showing the lots to be bounded on the west by Red River as the result of which the purchasers acquired to the river, regardless of footage; further, that any strip of land between the west lot lines and Red River has been obliterated by eastward migration of the river, and, finally, that they have acquired ownership of the alluvion by acquisitive prescription of ten years under LSA-Civil Code Article 3474.
We think the issue presented in this case may be decided upon a factual basis. Mr. Lane Mitchell, the engineer who prepared the Buckhall Subdivision plat for W. P. Leonard, Sr., testified that at the time he staked the northwest corner of Lot No. 1, the bank of Red River, which was not at high stage at the time, was from ten to twenty feet in height. The testimony and the survey made by this witness conclusively indicates that his subdivision plat shows the west line of Lots 1 through 5 to be the bank of Red River, and, under such circumstance, this factual conclusion should be determinative of this litigation.
Support of this conclusion is found in Lotz v. Hurwitz, 174 La. 638, 141 So. 83, and Akard v. City of Shreveport, 196 La. 714, 200 So. 14.
For the reasons assigned, the judgment appealed from is affirmed at appellant’s cost.