550 So.2d 929 (1989)
J. Daniel BOULIGNY and Wife, Jacqueline Dischler, Plaintiffs-Appellees,
v.
Irving (Irvin) H. DELATTE and Patsy Argence Delatte, Defendants-Appellants.
No. 88-589.
Court of Appeal of Louisiana, Third Circuit.
October 4, 1989.
Voorhies & Labbe, John W. Hutchison, Robert A. Lecky, Lafayette, for plaintiffs-appellees.
Robert L. Cabes, Lafayette, for defendants-appellants.
Before GUIDRY, LABORDE and KNOLL, JJ.
GUIDRY, Judge.
In this suit, plaintiffs, Mr. and Mrs. J. Daniel Bouligny (hereafter Bouligny), seek recognition of their ownership of a servitude of passage over and across a 20 foot strip of land in Lafayette Parish, which lies between their property and that of the defendants, Mr. and Mrs. Irving H. Delatte (hereafter Delatte). The trial court rendered judgment in favor of Bouligny and Delatte has appealed.
The parties by joint stipulation introduced in evidence the chain of title by virtue of which each asserts title.

CHAIN OF TITLE
By an act of partition dated April 17, 1948 recorded under act number 210947, conveyance records of Lafayette Parish, *930 hereafter referred to as the partition, Odel Antoine Comeaux acquired a tract of land containing 3.47 arpents identified as lot 2 (see plat attached hereto as Appendix 1). In said partition, the parties thereto reserved in perpetuity in favor of lots 1, 2, 3 and 4a, a right of way 20 feet wide along the entire southern boundary of lots 2, 3 and 4a (see Appendix 1).
By act of sale dated July 14, 1950, Odel Antoine Comeaux sold to Claude Judice the following described property:
That certain tract of land situated in the Parish of Lafayette, Louisiana, containing Three and forty-seven/one hundredth (3.47) arpents, bounded northeasterly by land of Leopold Hebert or assigns, southeasterly by land of Lizzie Doucet, northwesterly by land of Albert Doucet, southwesterly by a certain servitude road 20' wide established by Act of Partition recorded under No. 210947 in Book X-17, page 185 of the Conveyance Records of the Parish of Lafayette, Louisiana.
Being the same tract of land acquired by vendor herein by Act of Partition recorded under No. 210947 in Book X-17, page 185 of the conveyance records of the Parish of Lafayette, Louisiana.
Said land herein sold and servitude road being better described on the plat of survey attached hereto and made a part herewith described on the said plat as Lot No. 2; said plat being marked "Ne Varietur" to identify herewith.
Appearers herein do take cognizance of that certain servitude established in Act of Partition among Alfred Doucet et al. (the heirs of Eloi Doucet et al.) passed April 24, 1948 and recorded under No. 210947 in Book X-17 page 185 of the Conveyance Records of the Parish of Lafayette, Louisiana.
The plat of survey referred to in the above description is that attached to the partition and attached hereto as Appendix 1.
By an act of sale dated July 15, 1977 recorded under act number XX-XXXXXX, conveyance records of Lafayette Parish, Claude Judice conveyed to Bouligny a tract of land situated south (southwest) of the 3.47 arpent tract (lot 2 of the partition) employing the following description:
That certain parcel of ground, with improvements, being situated in Section 53, and/or Section 54, Township 10 South, Range 4 East, Lafayette Parish, Louisiana, having a frontage of 177.3 feet on Doucet Road by a depth along the Southeasterly line of 313.7 feet, a depth along the Northwesterly line of 313.1 feet, with a rear or Northeasterly one of 179.1 feet. Said parcel is known and designated as PLOT 12 on a plat of survey by Fred L. Colomb, dated October 19, 1961, revised September 6, 1962, a copy of which is attached to Act No. 429442 of the records of the Clerk of Court's Office for the Parish of Lafayette, Louisiana, and made a part hereof by reference thereto. Said parcel is also known as PLOT 12 on a plat of survey by R.D. McGee dated September 9, 1977 a copy of which is attached hereto and made a part hereof. Said parcel is bounded Southwesterly by Doucet Road, Northwesterly by the property of D. Doucet, heirs or assigns, Northeasterly by the property of Claude Judice, heirs or assigns, and/or by Ridgeway Drive, and southeasterly by Plot 13 as shown on said plat of survey attached hereto and made a part hereof. See Acts # 325481, 518420, 651827, and Affidavit recorded this date.
In this sale, the vendor, Claude Judice, granted a right of way and right of passage to Bouligny as follows:
"The Vendors do hereby covenant, agree and warrant that the purchasers herein shall have access from the property hereinabove described to Ridgeway Drive and to the extent necessary they do hereby grant and convey to the purchasers herein a right of way and right of passage of 40 feet in width immediately northeast and adjacent to the northeast property line of the property hereinabove described."
By an act of sale dated September 30, 1977, recorded under act number XX-XXXXXX, conveyance records of Lafayette Parish, Claude Judice conveyed to Delatte a portion of lot 2 of the partition described as follows:

*931 That certain tract or parcel of land, together with all improvements thereon, situated in Section 53, Township 10 South, Range 4 East, said tract being depicted on that certain plat of survey dated September 28, 1977, prepared by R. Douglas McGee, Civil Engineer, attached hereto and made a part hereof, and having such dimensions and boundaries as are shown thereon. Being a portion of the property acquired by vendor by act of cash sale recorded under Act No. 246537 of the records of Lafayette Parish.
Vendee declares that the property being acquired herein is not to form a portion of his family home.
Appearers herein do take cognizance of that certain servitude established in act of partition among Alfred Doucet, et al (the heirs of Eloi Doucet, et al) passed April 24, 1948 and recorded under No. 210947 in Book X-17, page 185 of the Conveyance Records of the Parish of Lafayette, Louisiana.
The plat of survey above mentioned is attached hereto as Appendix 2. The 20 foot strip shown on the plat identified as "20 foot road right of access" is the 20 foot right of way reserved in the partition along the southwest boundary of lot 2.
By an agreement dated May 1, 1981, recorded under act number XX-XXXXXX, records of Lafayette Parish, Claude Judice granted Bouligny a "non-exclusive right-of-way and right-of-passage for vehicular and pedestrian use" over and across the 20 foot strip identified on Appendix 2 as "20 foot road right of access".
Finally, by a deed dated October 14, 1981, recorded under act number XX-XXXXXX, records of Lafayette Parish, Odel Antoine Comeaux quitclaimed to Delatte the following described property:
That certain "servitude road twenty (20) foot wide established by Act of Partition recorded under Act No. 210947 in Book X-17, Page 185 of the conveyance records of the Parish of Lafayette, Louisiana", being a portion of the same tract of land acquired by Vendor herein by Act of Partition recorded under Act No. 210947. Attached to this act is a copy of a portion of the plat attached to the said Act of Partition, on which the property herein conveyed has been shaded in yellow.
Sometime in the year 1981, in connection with improvements being constructed on his property, Bouligny poured a driveway, from a parking lot located in the rear of his property, leading to the 20 foot strip.[1] Apparently, because of Delatte's objection to the use by Bouligny of the 20 foot strip as a rear entrance to his property, Bouligny filed this declaratory judgment action seeking a judgment recognizing his ownership of a right of way over and across the "20 foot road right of access" depicted on the plat of survey attached hereto as Appendix 2.
On appeal, Delatte urges that the trial court erred, in that, Bouligny's vendor did not have title to the property over which he purported to create a servitude; the deed purporting to create a servitude in favor of Bouligny contains a description too vague to affect third persons; and, in the alternative, if recognized, Bouligny's servitude should be restricted to ordinary vehicular or pedestrian use, excluding oversized trucks or other large vehicles.
Determination of the principal issue on appeal hinges upon the proper interpretation to be accorded the description of property contained in the act of sale dated July 14, 1950 from Odel Antoine Comeaux to Claude Judice. Specifically, whether by virtue of that deed Judice acquired legal title to the 20 foot strip or whether title thereto was retained by Comeaux. Bouligny contends that by virtue of that sale Judice acquired legal title to this 20 foot strip and by just title conveyed to him the right of access over this strip by the deeds dated September 15, 1977 and May 1, 1981. On the other hand, Delatte contends that Comeaux retained title to such strip and conveyed same to him by the quitclaim deed dated October 14, 1981.
*932 The learned trial judge resolved this issue favorable to Bouligny stating as follows in his written reasons for judgment:
"The Court has reviewed these documents and finds that the twenty-foot strip was included in the purchase by Claude Judice from Odel Antoine Comeaux in 1950. The law in Louisiana is clear that a plat of survey which is attached to the deed controls when there is a conflict between the written description and the plat. Although a portion of the property description in the deed from Mr. Comeaux to Mr. Judice recites that the property is bounded "... southwesterly by a certain servitude road 20' wide ...", the plat which is attached shows that the lot which was being acquired included the twenty-foot piece of land."
We fully agree with the trial court's resolution of this issue and offer the following additional reasons in support thereof.
It must be conceded that the southwestern boundary call employed in the deed from Comeaux to Judice, i.e., "southwesterly by a certain servitude road 20' wide etc.", gives rise to some ambiguity concerning the extent of the property intended to be conveyed by Comeaux to Judice. The cardinal rule to be followed in construing deeds, uncertain because of ambiguity, is to ascertain the intention of the parties from the entire language of the deed. Pierce v. Hunter, 202 La. 900, 13 So.2d 259 (1943). It is equally well settled that where property is described in reference to an attached plat, the plat controls in the event of a discrepancy in description between the worded description and the plat. Casso v. Ascension Realty Co., 195 La. 1, 196 So. 1 (1940); Ganus v. Cuoco, 351 So.2d 224 (La.App. 4th Cir.1977), writ denied, 353 So.2d 1048 (La.1978), appeal after remand, 361 So.2d 968 (La.App. 4th Cir.1978); Prather v. Valien, 327 So.2d 130 (La.App. 3rd Cir.1976), writ denied, 330 So.2d 318 (La.1976). Additionally, where reference is made in an act of sale to the source of the vendor's title, both acts should be consulted to ascertain the intention of the parties. Emerson v. Cotton, 209 La. 1003, 26 So.2d 16 (1946).
Examination of the deed from Comeaux to Judice in light of the aforementioned legal principles confirms, as found by the trial court, that the 20 foot strip in controversy was included in the sale to Judice. The deed description calls for a conveyance of 3.47 arpents. The plat of survey attached to the Comeaux-Judice sale reflects that the 20 foot strip is included in the 3.47 arpents. The description refers to the tract of land conveyed as lot 2, the same tract of land acquired by vendor in the partition. If the vendor had intended to retain title to the 20 foot strip, he would have specifically excepted same from the description or at the very least described the property conveyed as a portion of that acquired by him in the partition. Finally, the recital in the deed which appears immediately following the property description, i.e.,
"Appearers herein do take cognizance of that certain servitude established in Act of Partition among Alfred Doucet et al. (the heir of Eloi Doucet et al.) passed April 24, 1948 and recorded under No. 210947 in Book X-17 page 185 of the Conveyance Records of the Parish of Lafayette, Louisiana."
corroborates the construction of the deed adopted by us. If Comeaux intended to reserve title to the 20 foot strip, there would be no reason for Judice to take cognizance of the fact that a servitude of passage encumbered that strip.
We find appellants' other contentions equally without merit and adopt the trial court's excellent reasons for judgment in disposing thereof.
"The defendants have alleged that the language included in the September 15, 1977 deed from Claude Judice to Daniel Bouligny, which purports to create a right-of-way in favor of Mr. Bouligny, is vague and ineffective as against third parties. Even should the Court agree with this argument, which it does not, a right-of-way was created in favor of Mr. Bouligny over the property in dispute by the instrument dated May 1, 1981 and recorded in the Lafayette Parish Conveyance *933 Records under Entry No. 81-011055.
"In the event the Court finds that a right-of-way or right of passage was created, the defendants have asked the Court to limit the plaintiffs' exercise of it to ordinary vehicular or pedestrian use, although Mr. Judice did not impose any such restrictions. The Court finds that the defendants are without standing to limit the plaintiffs' use because they do not own the land in question. It is clear from the written description as well as the survey map that the twenty-foot strip of land was not included in the September 30, 1977 sale from Claude Judice to Irvin Delatte. Further, the quitclaim deed executed on October 14, 1981 from Odel Comeaux to Irvin Delatte, purporting to convey the land at issue, is without effect because Mr. Comeaux could not sell what he had previously sold to Mr. Judice in 1950."
For the above and foregoing reasons, the judgment of the trial court is affirmed at appellants' cost.
AFFIRMED.
*934 
*935 
NOTES
[1] The Bouligny property has its main entrance on Doucet Road.