597 So.2d 1130 (1992)
CITIZENS NATIONAL BANK
v.
NATIONAL UNION FIRE INSURANCE COMPANY.
No. CA 91 0148.
Court of Appeal of Louisiana, First Circuit.
April 10, 1992.
Rehearing Denied May 28, 1992.
*1131 T. Jay Seale, III, Hammond, for plaintiff-appellee.
W. Paul Anderson, New Orleans, for defendant-appellant.
Before LOTTINGER, EDWARDS and GONZALES, JJ.
LOTTINGER, Judge.
The issue in this appeal is whether an error in the metes and bounds description of property renders title to such property unmerchantable.

Background Facts
On September 15, 1981, Thomas C. and Eleanor D. Wells executed a collateral mortgage in favor of the plaintiff, Citizens National Bank (CNB), in the amount of $27,000, as security for loans previously made by CNB to the Wells. Prior to accepting and executing the mortgage, CNB hired attorney, Michael Tregle, to render a title opinion regarding the merchantability of the Wells' title to the property. Tregle issued an opinion letter in which he certified that the Wells' title to the property was "good, valid and merchantable." Subsequently, the Wells defaulted on their loan, and CNB foreclosed on the property. At the time of the judicial seizure and sale, the bank acquired the property and discovered an error in the metes and bounds description of the property in its Act of Mortgage. According to CNB, "the property description contained in Thomas C. Wells' deed incorporated, by reference, a plat of a survey made by Ansil Bickford, which survey has been recorded.... Reference to this plat clearly reflects that Lot 3 (the Thomas C. Wells' [sic] property) should be described as having its' [sic] point of beginning at 758.94 feet North of the Quarter Section as opposed to 658.94 feet North of the Quarter Section." The bank immediately notified Tregle of the error. Tregle prepared an Act of Correction, executed by Oliver Wells, Sr. and Theresa Scott Wells (original vendors) and Thomas C. and Eleanor D. Wells. CNB subsequently sold the property, with the corrected property description, to Oliver Wells, Sr.
CNB then filed the present action against National Union Fire Insurance Company, Tregle's liability insurer, claiming that the variance between the title description and the recorded plat of survey created an impediment to merchantability of the title, and that Tregle was liable to it for its loss.
The trial court found that the error rendered title unmerchantable and found that the title examiner was liable for the mistake, and for the bank's loss, which it found to be the difference between the appraised value of the property and the sales price to Oliver Wells, Sr. The trial court rendered judgment in favor of CNB in the amount of $7,140 together with costs and interest from the date of judicial demand. The defendant appeals.

Applicable Law
We need not go further than the plaintiff's own claims to find the proper resolution to the issue before us. It is well settled in Louisiana law that where a deed is partially defective or erroneous as to description, it is nevertheless susceptible of conveying property provided the property intended to be transferred can be ascertained with certainty with the aid of such extrinsic evidence as is admissible under the rules of evidence. Amoco Production Company v. Slaughter, 491 So.2d 760, 763 (La.App. 1st. Cir.) cert. denied, 494 So.2d 333 & 540 & 541 & 542 (1986); Bishop Homes, Inc. v. Devall, 336 So.2d 313, 318-19 (La.App. 1st. Cir.) cert. denied, 338 So.2d 1155 (1976). Furthermore, it is equally settled that where property is described in reference to an attached plat, the plat controls in the event of a discrepancy in description between the worded description and the plat. Bouligny v. Delatte, 550 So.2d 929, 932 (La.App. 3rd Cir.1989); see *1132 also Akard v. City of Shreveport, 196 La. 714, 200 So. 14 (1941).
Therefore, according to plaintiff's own claims, there was an attached plat to the property description, which was incorporated by reference and correctly described the mortgaged lot; such description, as a matter of law, controls, since there is a discrepancy in the worded description (due to an accidental transposition of numbers) and the recorded plat. Since the survey controlled, the bank had merchantable title to the property as ascertained by a review of the survey. Therefore, the trial court erred in finding otherwise. Accordingly, the judgment of the trial court is reversed. Costs of this appeal are assessed to plaintiff, CNB.
REVERSED.