KNOLL, Justice,
dissenting in part.
| ^though I agree the conduct of the defendants, which essentially amounts to a discovery violation, did not rise to the level of an unfair trade practice within the meaning and purpose of the Louisiana Unfair Trade Practices Act, I disagree with the majority opinion Ending the property description in the 1966 conveyance was sufficient to transfer the mineral rights at issue.
Under this Court’s well-settled jurisprudence, “a deed, in order to be translative of title to real estate, must contain such a description as to properly identify the property.” Smiling v. Adair, 196 La. 624, 640, 199 So. 782, 787 (1940). A mineral servitude, as a mineral right, is an incorporeal immovable, and so, its transfer must be made in authentic form, subject to our rules governing the transfer of immov-ables. Peironnet v. Matador Resources Co., 12-2292, pp. 18-19 (La.6/28/13), 144 So.3d 791, 2013 WL 3752474. It follows, therefore, a valid mineral servitude is only created when the property description in the deed is sufficiently specific to permit the identification of the encumbered property to be ascertained with certainty:
|2.... If one takes possession of a tract of land under a deed, which does not contain a description sufficiently correct to enable an average surveyor, in point of ability, to identify it, he cannot claim to be a possessor in good faith ...
It is necessary that the description should be sufficiently complete to serve the purpose of identification.
Blevins v. Manufacturers Record Pub. Co., 235 La. 708, 741-42, 105 So.2d 392, 404 (1957) (on original hearing). The determination of whether a description is sufficient is made on a case by case basis. Emerson v. Cotton, 209 La. 1003, 1013, 26 So.2d 16, 19 (1946).
In the present case, for the 1966 conveyance to convey the mineral interests at issue, it had to contain a description of the encumbered property sufficient to enable an average surveyor or such to identify it. The description was contained in the Tobin map outlined in blue, and in accordance with the rules of evidence, the parties brought in experts to opine as to what the blue outline actually depicted geographically and cartographically. However, the experts differed as to what the blue outline actually entailed, and the trial court specifically found the 1966 conveyance did not convey any servitudes due to its made- *1028 quate descriptions. Even the parties to the 1966 conveyance sought further clarification by agreeing “forthwith to cause an accurate survey to be made of each of the areas outlined in blue, and the detailed survey plats, when approved by the parties and filed of record, shall be substituted for Exhibits ‘A’ through ‘H’ and shall constitute a part of this agreement.”
In my view, the sufficiency of the description is a question of fact properly determined by the trier of fact. See e.g., Energy Development Corp. v. Quality Environmental Processes, Inc., 00-314 (La. App. 5 Cir. 12/4/00), 777 So.2d 481, 486 (finding no manifest error in trial court’s conclusions regarding the 1966 and 1971 conveyances); Florida v. Roscoe, 479 So.2d 406, 408 (La.App. 1st Cir£985)3 (affirming trial court’s “finding of fact that the property description [in tax sale advertisement] was sufficient”). In light of the expert testimony, the trial court’s factual conclusions on the inadequacy of the description were reasonably supported by the record evidence. Therefore, under the manifest error doctrine, I would defer to its findings and reverse the judgment of the court of appeal on this issue. For these reasons, I respectfully dissent.