CHASEZ, Judge.
On January 15, 1959, the plaintiff, Jefferson W. Wickes, submitted to the defendant, Home Building & Loan Association, an offer to purchase the following described property:
“The Bungalow on Lots A-l, 2 & 3 facing Highway #11, at Irish Bayou, including all improvements (Orleans Parish) On grounds measuring about 368' x 120' x 136' x 311' on other side 380' or as per title.”
On January 20, 1959, the defendant, Home Building and Loan Association, accepted the offer to purchase, which acceptance was signed on its behalf by its President, Mr. M. J. Goll.
On the 27th day of January, 1959, notarial act of sale was executed by Home Building & Loan Association transferring title of the property to the plaintiff, Jefferson W. Wickes.
A detailed description of this property is set forth in the act and the measurements are correlated with a plat and survey which *757 was jointly introduced in evidence by both parties and identified as plaintiff-defendant Exhibit 1. The act of sale and the survey ■show that Lots A-l, 2 and 3 are wholly ■on the west side of Highway 11, and includes “All of the buildings and improvements thereon and all of the rights, ways and privileges and servitudes and appurtenances thereunto belonging.”
The words “other side” appearing in the purchase-sale agreement signed by the parties referred to property directly across Highway 11 from Lots A-l, 2 and 3 and is property on which the vendor had a ■servitude of use; said property fronts on a private canal and is used as a landing site for fishing boats, and for the sale of bait and renting of fishing boats. Plaintiff, having acquired title to the property on the west side of Highway 11, was entitled to the servitude of use of the property on the east side of Highway 11, (on the extended line of Lots A-l, 2 and 3 facing said highway). As heretofore stated, the act of ■sale transferring the property to the plaintiff described only the property on the west side of Highway 11 and made no specific reference to the property on the east side.
The record reflects that since the sale, the plaintiff at all times has used the property ■on the west side of Highway 11 and enjoyed the usufruct of the property on the east side in connection with his business. During the month of October, 1961, the -plaintiff located a prospective purchaser for the land on the west side of the highway. He contacted the defendant, as holder of the mortgage on the property, to ascertain what arrangement could be made for a partial sale of the property claiming that he owned the land on both sides of the highway. Plaintiff was informed that he merely had a servitude of use of the property on the east side of the highway, . and if he sold the land on the west side the servitude of use would have to be conveyed with it. Plaintiff, believing that he had •purchased property on both sides of the ' highway, made demand, under his agree- - ment to purchase, that complete ownership of property on the east side of Highway 11 be conveyed to him. Defendant informed him that it never owned the property on the eastern side of Highway 11 but had only the servitude of use on such property fronting on the canal running parallel to the line of Lots A-l, 2 and 3, and offered by an act of correction to insert in the act of sale specific reference to the servitude of use on the eastern side, which had been inadvertently omitted from said act. Plaintiff, however, demanded complete ownership and filed this action demanding full specific performance of the contract to purchase between the parties, i. e., transfer of ownership of property on “other side. 380”’ in addition to the property actually transferred to him on January 27, 1959, which embraced all property located on the west side of the highway, together with all servitudes attached to it. And in lieu of defendant’s inability to comply with its demand of specific performance demanded that:
a) The act of sale and conveyance be dissolved, rescinded and set aside and the purchase price paid therefor be returned to petitioner, or such portion thereof, including principal and interest, which petitioner has paid to defendant; and additionally the cost of improvements which petitioner placed upon said property conveyed to it as well as reliance damages and expectation interests; and
b) In the event petitioner is not entitled" to specific performance, or defendant cannot specifically perform or petitioner is not entitled to a recision of the sale, then petitioner is entitled to a diminution of the price paid for the property actually conveyed, in addition to reliance damages and expectation interests.
It should be stated here that while the plaintiff contends that defendant obligated itself to convey complete ownership of land on the east side of the highway and has failed to do so, and under the circumstances *758 plaintiff is entitled to a recision of the sale and in the alternative to a diminution of the price, he has stated in his brief that it would not be feasible for the Court to grant him relief by way of diminution in price and we, therefore, consider this part of his demand abandoned.
At the trial it was established that defendant never owned any property situated on the eastern side of Highway 11 and, therefore, could not convey to the plaintiff any real rights on that side of the highway except the servitude of use which was in effect conveyed to him as hereinabove set forth.
 We do not find that the contract “to purchase and sell” between the parties specifically states or implies that defendant is to deliver to plaintiff any property on the eastern side of Highway 11. The description of the property in said agreement though somewhat vague, is clearly modified by the words “as per title”. “ ‘As per’ is a * * * term * * * which is commonly understood to mean, in accordance with, or in accordance with the terms of.” Continental Bank & Trust Co. v. Times Pub. Co., 142 La. 209, 76 So. 612, L.R.A.1918B, 632 (1917). Therefore, the agreement incorporates defendant’s title and it would have behooved plaintiff to have checked it. Where reference is made in an act of sale to a conveyance under which the vendor held, both acts should be consulted and taken together to ascertain the proper description of the thing sold. See Emerson v. Cotton, 209 La. 1003, 26 So.2d 16 (1946); Frantom v. Nelson, 142 La. 850, 77 So. 767 (1918) and cases cited therein. Likewise, where reference is made to the seller’s title in a contract to purchase and sell, reference must be made to that title to ascertain what is being sold. In this case had plaintiff checked defendant’s title he would have discovered that he was to purchase the land on the western side of the highway, together with a servitude of use of the eastern side, which the contract between the parties referred to as the “other side”. There is no allegation of misrepresentation in this case; as a matter of fact, the plaintiff did not communicate with the agents of the defendant except through his real estate agent It should be likewise stated that the agreement to purchase and sell is on the farm of plaintiff’s agent.
We are of the opinion that the agreement to purchase and sell did not. oblige defendant to convey title to any land or property on the “other side” or east side of the highway to the plaintiff. Defendant could not convey more than he owned and this stipulation was specifically included in the contract by the inclusion of the qualifying phrase “or as per title”.
Plaintiff next contends that LSA-C.C. arts. 2520, 2530 and 2534 (articles which-deal with redhibitory vices) entitle him to a recision of the contract. He argues that since defendant could only convey a servitude of the eastern tract, there was a vice or defect in the land sold. This contention ignores the fact that the act of sale does-not mention property on the eastern side of the highway but only conveys Lots A-l,. 2 and 3 and the servitudes belonging thereto. We repeat there was no attempt to convey to plaintiff ownership of any land on the eastern side of Highway 11. The act of sale clearly transfers only the western portion and with the western portion went the servitude of use to the eastern portion.
Therefore, we are constrained to conclude that plaintiff has fully performed and complied with all obligations due to defendant under their agreement and that the Court a qua was correct in dismissing plaintiff’s demand for specific performance as well as all alternative demands made by plaintiff; accordingly, the judgment rendered in favor of the Home Building & Loan Association against Jefferson W. Wickes is affirmed; all costs to be borne by appellant.
Affirmed.