KLIEBERT, Judge.
Defendant New Orleans Area Council, Boy Scouts of America (Council) brings this suspensive appeal from a judgment which awards plaintiff Edward R. Arms a diminution of $83,631.00 on the $1,400,000.00 purchase price of Camp Salmen. The diminution under the authority of La.C.C. Article 2494 was based on the trail court’s conclusion the real measure of the property delivered was deficient by more than Vfeoth of the measure expressed in the purchase agreement. Defendant contends the sale was per aversionem by boundary descriptions governed by La.C.C. Article 2495, for which there can be neither increase nor diminution of price on account of disagreement in measure. For the reasons which follow, we reverse the judgment of the trial court.
The Council acquired the property commonly known as Camp Salmen through four acts of donation of adjoining parcels of land which, according to the sketches and surveys possessed by the Council, formed a tract encompassing 112 acres. In 1983 Edward R. Arms initiated negotiations with the Council for the purchase of Camp Salmen. After viewing the property and reviewing the title documents, Arms submitted the following offer, which was accepted by the Council:
*670 [[Image here]]
Prior to the act of sale Arms commissioned a survey of the property by Albert Lovell, a registered land surveyor and civil engineer. The directions and distances utilized by Lovell at times differed from the directions and distances in the Council’s title. According to Lovell this was due mainly to the sophisticated instrumentation he utilized in making the survey. The variations were in minutes and seconds rather than degrees, and the variations do serve to “close” the tract. Lovell calculated the acreage within the enclosed tract at 105.92, a shortage of 6.678 acres from that called for when the acreage mentioned in the various acts of donation are added together. Arms requested a proportionate reduction in the purchase price or a refund of his $40,000.00 deposit. The Council refused to do either, and Arms proceeded to the act of sale under protest, reserving his right to seek a reduction in the purchase price. Based on the Lovell survey, the trial court concluded the acreage promised was not *671 delivered and therefore Arms was entitled to a diminution in price under La.C.C. Article 2494.
The pertinent provisions of the Louisiana Civil Code relied on by the parties are as follows:
“Art. 2491. Immovables, extent of delivery
The seller is bound to deliver the full extent of the premises, as specified in the contract, under the modifications hereafter expressed.
******
Art. 2494. Sale of Specific immovable for lump sum, variance between delivery and content stipulated
In all other cases, whether the sale be of a certain and limited body, or of distinct and separate objects, whether it first set forth the measure, or the designation of the object, followed by its measure, the expression of the measure gives no room to any supplement of price, in favor of the seller, for the over-plus of the measure; neither can the purchaser claim a diminution of the price on a deficiency of the measure, unless the real measure comes short of that expressed in the contract, by one-twentieth part, regard being had to the totality of the objects sold; provided there be no stipulation to the contrary.
******
Art. 2495. Sale per aversionem by boundary descriptions, disparity in measure delivered
There can be neither increase nor diminution of price on account of disagreement in measure, when the object is designated by the adjoining tenements, and sold from boundary to boundary.”
The Council contends the sale was per aversionem by boundary descriptions, hence, under Article 2495 there can be no diminution on account of disagreement of measure. Arms contends the sale was of a specific immovable for a lump sum, hence, under Article 2494, since the real measure comes short by Vath of the measure expressed in the purchase agreement, he is entitled to a diminution in price.
Both La.C.C. Article 2494 and Article 2495 contemplate the existence of a discrepancy in measure, i.e., a difference between what is promised in the purchase agreement and what is actually delivered. Accordingly, our first inquiry must be as to what was offered and what was contracted for. The purchase agreement described the property as “Camp Salmen in St. Tammany Parish along with all improvements and equipment ... on grounds measuring about 112 acres or as per title.” It is this specific language which must be interpreted to determine what was promised for delivery.
A similar description was interpreted by the Supreme Court in Hunley v. Ascani, 174 La. 712, 141 So. 385 (1932), wherein the prospective purchaser, after inspecting the property, submitted an offer which described the property as “The double cottage Nos. 1728-1730 Seventh Street between Carondelet and Baronne, the ground measuring approximately 30' X 120', or as per title.” The title called for a 26' 4" front. The purchaser thereafter sought to denounce the purchase agreement on several grounds, one of which was the discrepancy in measure. The court responded as follows at pages 386-387:
“... the canon of construction which requires the court in construing either the law of the state, an ordinance of a city, or a contract between two people, which is a private law, to give effect to each and every word therein contained, if it is possible so to do, and never to strike out and refuse to consider words contained unless no reasonable construction could be given thereto, must apply in this case and forbids this court to read out of this contract the words ‘or as per title’; and, when the court finds itself unable to read these words out of the contract, to consider them not written, it is considered by the court to be a reasonable construction and interpretation of these words that the parties to the contract having seen the property themselves, the estate, as it is sometimes called, desired to be the owners of it and were willing to take it as viewed, according to the title, *672 which would embrace the physical things that they saw. The house and the grounds, in the front and rear, and that, if the title of the owner called for a little more or a little less, the object which they desired to purchase would be acquired, and that is that estate consisting of this double cottage with its community driveway and the physical improvements put upon it which had become part of the immovables by destination.”
The Hunley case focused on the contractual stipulation that the vendee was to purchase a lot “30' x 120', or as per title” and concluded that as the vendor had delivered as per his title, and the vendee actually viewed the property beforehand, the vendee was not released from the purchase contract because of the deficiency in measure. In a concurring opinion in Young v. Stevens, 252 La. 69, 209 So.2d 25 at 36 (1968), Justice McCaleb commented:
“While it is true that the Court in Hunley v. Ascani resolved that the purchasers could not be relieved of their contract as they had inspected the premises and were satisifed with the frontage of the lot, these observations were unnecessary to the opinion in my view. The contract was clearly enforceable there, as the statement of approximate measurements of the lot was qualified (as here) by the words in the sales contract ‘or, as per title,’ and, so long as the vendor was able to convey land measuring in frontage and depth “as per title,” he was able to comply with his promise.”
In Membreno v. Ponder, 417 So.2d 1257 (1st Cir.La.App.1982) writ denied 423 So.2d 1146, a buy/sell agreement called for the transfer of land measuring “about 8 acres more or less or as per title.” The title actually encompassed 12.96 acres. The court held the seller was obligated “under the plain language of the contract” to deliver all the acreage, i.e., the 12.96 acres. See also Wickes v. Home Building and Loan Association, 172 So.2d 756 (4th Cir.La.App.1965). Thus, under Hunley, Membreno, and Wickes, we must look to the Council’s title to determine what was promised for delivery.
The acts of donation which comprise the Council’s title to Camp Salmen describe the four parcels which form the tract as follows:
Tract I —Described by metes and bounds and said to contain 72.-50 acres
Tract II — Described by metes and bounds and said to contain 34.-24 acres
Tract III — Described by metes and bounds and said to contain .83 acres
Tract IV — Described by metes and bounds and said to contain 5.628 acres
The identification of land by acreage or quantity is the weakest and lowest ranking of all enumerated standards in describing property. Blevins v. Manufacturers Record Publishing Co., 235 La. 708, 105 So.2d 392 (1958); Bender v. Chew, 129 La. 849, 56 So. 1023 (1911). The order of importance of the various calls which may be included in a property description are:
(1) natural monuments;
(2) artificial monuments;
(3) distances;
(4) courses; and
(5) quantity.
Williams v. Baughman, 477 So.2d 734 (1st Cir.La.App.1985) writ denied 479 So.2d 921; Stutts v. Humphries, 408 So.2d 940 (2nd Cir.La.App.1981); Prather v. Valien, 327 So.2d 130 (3rd Cir.La.App.1976) writ denied 330 So.2d 318. See also Ledoux v. Waterbury, 292 So.2d 485 (La.1974). The metes and bounds descriptions in the Council’s title are superior and controlling over the acreage designations, and Arms is only entitled to the property located within the metes and bounds descriptions. Prather v. Valien, supra. The question thus posed is whether the Council delivered the property as per the metes and bounds description so as to preclude application of the diminution in price provision of La.C.C. Article 2494.
Arms contends it did not and offers in support of its contentions the Lovell survey. The Council attacked the competency and accuracy of the Lovell survey in the trial court and in this court on the following grounds:
*673 (1) Lovell did not take the readings and measurements personally, but rather, verified that the work was done by a crew he sent to the site;
(2) Lovell’s crew did not follow exactly the metes and bounds set forth in the title documents, but rather, deviated to follow monuments on the ground and to make the tract “close”; and
(3) Lovell’s crew utilized a meander of Bayou Liberty frontage in Parcel I as it existed at the time of the survey rather than attempting to reconstruct the meander line as it existed in 1924 (date of donation).
Arms refers to the variations between the directions and distances on the Lovell survey and the Council’s title documents as “slight” and of “no moment”. Lovell testified that even if the bearings and distances set forth in the title documents had been followed no material difference in the tract's acreage would have resulted.
The inescapable conclusion is that variations in the Lovell survey are immaterial to the resolution of the issue involved here. If the variations are inconsequential and thus tantamount to a survey plotted in accordance with the metes and bounds of the Council’s title, then it is proven that the Council has delivered what they were required to deliver by the purchase agreement, i.e., the land encompassed within the metes and bounds description of their title. On the other hand, if the variations are sufficient to justify the conclusion the Lo-vell survey was not plotted as per the metes and bounds of the Council’s title description, then there is no showing the Council did not deliver the land encompassed within the metes and bounds of its title description.
The purchase agreement required a delivery “or as per title,” and within the title the metes and bounds description takes precedence over descriptions by measure. Had Arms chosen to do so, he could have made the purchase subject to verification of the acreage. Instead, he was content to accept what was delivered “as per title”. Arms failed to prove the Council was unable to deliver the property within the metes and bounds description of its title to such an extent that he was entitled to a reduction in the purchase price. Accordingly, the judgment of the trial court is reversed and plaintiff’s case is dismissed with prejudice. Costs of this appeal shall be on the appellee.
REVERSED AND DISMISSED WITH PREJUDICE.