JzFITZSIMMONS, J.
Anthony Marino, director of the Baton Rouge Metro Airport, and the City of Baton Rouge, appeal an amended judgment by the 19th Judicial District Court. The district court granted a motion for summary judgment in a petition for declaratory relief[1]. The district court ordered the employee to be reinstated to his former position. We affirm, in part, and vacate and remand in part.
PROCEDURAL DEVELOPMENT
Joseph Dennis Williams was dismissed by his appointing authority as an employee of the City of Baton Rouge, Baton Rouge Metropolitan Airport. Thereafter, pursuant to a tie vote, the Personnel Board of East Baton Rouge Parish affirmed the decision of dismissal by the department. After filing a petition for declaratory relief, Mr. Williams submitted to the court a motion for summary judgment, in which he sought a determination that Rule XI, section 1.5 of the Baton Rouge Personnel Board (“Board”), was unconstitutional. Summary judgment was urged on the grounds that the tie vote of the Board evidenced that the appointing authority failed to carry its burden of proof. The district court granted summary judgment in an amended judgment. It declared Rule 11, section 1.5, of the Personnel Board to be in violation of the constitution. The district court, thereupon, amended the decision of the Personnel Board to find in favor of the plaintiff, and it ordered the defendant to reinstate the plaintiff to the position from which he had been removed.
STANDARD OF REVIEW
Appellate courts review summary judgments de novo, pursuant to the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Potter v. First Federal Savings and Loan Association of Scotlandville, 615 So.2d 318, 325 (La.1993). Pursuant to La. C.C.P. art. 966, the summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action, except those disallowed. The procedure is favored and shall be construed to accomplish its end. La. C.C.P. art. 966(B).
The factual issues relevant to the instant ease are not in dispute. In its assessment of legal issues, the appellate court gives no special weight to the findings of the district court. It simply reviews whether the trial court was legally correct or incorrect. Dunn v. Bryant, 96-1765, p. 4 (La.App. 1st Cir.9/19/97); 701 So.2d 696, 698-699, writ denied, 97-3046 (La.2/13/98); 709 So.2d 752.
CONSTITUTIONAL ISSUE
Article 10, § 8(A) of the Constitution of the State of Louisiana provides:
Section 8. (A) Disciplinary Actions. No person who has gained permanent status in the classified state or city service shall be subjected to disciplinary action except for cause expressed in writing. A classified employee subjected to such disciplinary action shall have the right of appeal to the appropriate commission pursuant to Section 12 of this Part. The burden of 'proof on appeal, as to the facts, shall be on the appointing authority. (Italics supplied.)
Rule XI, section 1.5, of the Personnel Board for the City of Baton Rouge, as amended by the Board on October 13, 1966, states in pertinent part:
Appealing employees shall carry the burden of proof, and in the event of a tie vote when one Board member is absent, the action of the appointing authority will be considered sustained.
*721 The foregoing procedural rule, which places the burden on the employee, falls indisputably within the proscribed constitutional dictates enunciated in La. Const, art. 10 § 8. The unconstitutionality of the portion of the rule establishing an erroneous burden of proof alone satisfies the legal basis for the summary judgment. Moreover, to say that there is no difference between burden of proof, and the essence of a tie vote, being an affirmance of any issue before the Board is conceptually dissembling. In its most basic form there is no question that one party, or the other, must “carry the day.” Some burden of proof must, therefore, exist. A tie vote would be sufficient to forestall any action by the Board; however, due process, or just plain fairness, demands that some party be the “winner” by a rule requiring, at a minimum, a majority vote.
REINSTATEMENT
After declaring the Board rule unconstitutional, the district court ordered that Mr. Williams be reinstated. An action for declaratory relief pursuant to La. C.C.P. art. 1871 can encompass a court’s “further relief’ under certain circumstances. See State, Louisiana Riverboat Gaming Commission v. Louisiana State Police Riverboat Gaming Enforcement Division, 95-2355, p. 11 (La.App. 1st Cir.8/21/96); 694 So.2d 316, 322. It is noted, however, that in addition to the unconstitutionality of the “tie vote” rule, the Board’s reliance on the rule’s incorrect burden of proof in its initial determination that the employee should be terminated renders the order of reinstatement by the district court premature. Review of the appropriateness]^ the district court’s order is, therefore, pretermitted. The decision of the Board should be vacated and the case remanded to the Board for its consideration in compliance with the dictates established in the constitution. All costs of this appeal, which are in the amount of $797.71, are assessed to the City of Baton Rouge.
AFFIRMED IN PART; VACATED IN PART AND REMANDED.
GUIDRY, J., concurs in the result.

. On December 31, 1997, the 19th Judicial District Court vacated its original judgment and the October 9, 1997 amended judgment, referring the matter to the merits; however, an order for appeal had been previously signed by the trial court judge on December 16, 1997, divesting the trial court of its jurisdiction.