763 So.2d 710 (2000)
Lester N. STRANGE and Barbara Lee Strange
v.
Gerald W. KENNARD and Debra T. Kennard and Remax Properties Plus, Inc.
No. 99 CA 0406.
Court of Appeal of Louisiana, First Circuit.
March 31, 2000.
Craig L. Kaster, Zachary, Mark D. Plaisance, Baker, Counsel for PlaintiffsAppellants Lester N. Strange and Barbara Lee Strange.
Phil E. Miley, Baton Rouge, Counsel for DefendantsAppelleesGerald W. Kennard and Debra T. Kennard.
John B. Dunlap, III, Victor L. Crowell, Baton Rouge, Counsel for Defendants AppelleeRemax Properties Plus, Inc.
Before: GONZALES, FITZSIMMONS, and WEIMER, JJ.
FITZSIMMONS, J.
Lester N. Strange and Barbara Lee M. Strange (appellants) appeal from a grant of motion for summary judgment, dismissing their case against Gerald W. Kennard, Debra T. Kennard, and ReMax Properties Plus, Inc. (ReMax). We affirm.

FACTS
On March 11, 1997, appellants purchased property from Mr. and Mrs. Kennard. Ms. Peggy Ann Lively was the *711 purchasers' realtor. Ms. Susan Langlois acted as the ReMax listing agent for the property. The ReMax flyer described the land as a "2 Acre Tree Shaded Lot (330 × 265)." The purchase agreement portrayed the property as "Land measuring approximately 330 × 265 (as per plat)." The agreement to purchase contained a "LIMITATION ON WARRANTY" clause, which provided that "Seller and REALTORS make no warranty or other assurances whatsoever concerning property measurements, square footage, room dimensions, lot size, property lines or boundaries."
The act of sale described the property as:
Two (2) certain pieces or portions of ground, together with all the buildings and improvements thereon, and all of the rights, ways, privileges, servitudes, appurtenances and advantages thereunto belonging or in anywise appertaining, situated in the Parish of East Baton Rouge, State of Louisiana, in that subdivision known as the NORTHWOODS SUBDIVISION, FIRST FILING, and designated on the official plan thereof, on file and of record in the office of the Clerk and Recorder of the Parish of East Baton Rouge, State of Louisiana, as LOTS ELEVEN (11) AND TWELVE (12), said subdivision, said lots having such measurements and dimensions and being subject to such servitudes as are more particularly described on said subdivision map.
Said property is sold, conveyed and accepted subject to any and all valid restrictions, servitudes, mineral conveyances and/or reservations affecting same, if any.
Mr. Strange contends that he paid the agreed upon price of the sale because he believed the property comprised a two acre lot. In his deposition, he stated that the advertisement of the property, which was shown to him and his wife by Ms. Langlois, depicted the property as being two acres. He testified that his agent, Ms. Lively, did not know where the boundaries were. In this regard, Ms. Lively stated that she recommended that a survey be conducted; however, no survey was performed prior to the sale. Mr. Strange stated that he did not feel there was a need to conduct a survey because the property had been advertised as two acres.
Several weeks after the execution of the act of sale, Mr. Strange located the property line stakes of the two lots that he had recently purchased, and he measured the boundaries. His measurements revealed the actual size of the two lots to be only approximately 220 × 243 feet, or about 1.2 acres. Appellants, thereafter, sought a redemption of $13,948.00 from the $170,000.00 purchase price.

DISCUSSION
Appellate courts review summary judgments de novo, pursuant to the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Williams v. Marino, 98-0143, p. 2 (La.App. 1st Cir.2/23/99), 729 So.2d 719, 720. Pursuant to La. C.C.P. art. 966, the procedure is favored and shall be construed to accomplish a just, speedy and inexpensive determination of every action, except those disallowed. Id. Once the motion for summary judgment has been made and supported, the opposition cannot rest on allegations, but must state specific facts. La. C.C.P. art. 967. If the opposition fails to establish that they can meet their evidentiary burden, "there is no genuine issue of material fact," and the summary judgment should be granted. La. C.C.P. art. 966(C)(2). We now review the legal and factual particulars of the case sub judice..
Louisiana Civil Code Articles 2494 and 2495 were amended in 1993, to be effective in 1995, relative to an action for diminution of the purchase price of immovable property. As amended, they provide in pertinent parts:

*712 Art. 2494. Sale of immovable for lump price
When the sale of an immovable has been made with indication of the extent of the premises, but for a lump price, the expression of the measure does not give the ... buyer the right to a proportionate diminution of the price, unless there is a ... shortage, of more than one twentieth of the extent specified in the act of sale.
Art. 2495. Sale of a certain and limited body or of a distinct object for a lump price
When an immovable described as a certain and limited body or a distinct object is sold for a lump price, an expression of the extent of the immovable in the act of sale does not give the parties any right to an increase or diminution of the price in case of surplus or shortage in the actual extension of the immovable.
The verbiage in the act of sale to appellants alluded to the size of the lots via a reference to the subdivision map. The subdivision map depicted lots 11 and 12 as each being 110 × 243.50, which would produce a combined measurement of 220 × 243.50 feet (53,570 square feet).
There is no allegation by appellants that the deed itself erroneously described the size of the property; rather, appellants claim that they were misled prior to the sale. It is, however, axiomatic that, with a few exceptions, parol evidence may not be received to supplement any agreement concerning the sale of an immovable.[1] The designation of the sale should properly be based exclusively on the written act of sale. La. C.C. arts. 1832 and 1839; Riddle v. Simmons, 589 So.2d 89, 92 (La.App. 2d Cir.1991), writ denied, 592 So.2d 1316 (La. 1992). We are thus restricted to a review of the sales deed itself in the resolution of this case.
The application of the provisions of La. C.C. arts. 2494 and 2495 hinges on the language set forth in the sales agreement. Article 2494 involves agreements in which the dominant description of an immovable is per "the extent," or measurement, of the property. Such a classification of a sale permits a proportionate diminution of the price, if the actual measurement of the property is smaller than the delineated "expression of the measure" in the act of sale by more than one twentieth. In the case at hand, appellants do not possess a viable claim for reduction in price because the property description in the act was essentially in accord with the alleged lot sizes by appellants.
Article 2495 is also inapposite to the instant scenario because there is, again, no discrepancy between the description of the "extent" of the land in the act of sale and the actual size of the immovable.[2]
Finally, it is noted that, in the agreement to purchase, there was an express written qualification immediately after the designated measurement of the lots, with the language: "(as per plat)." A limitation of warranty clause also specifically disclaimed responsibility for "property measurements, square footage, ... lot size, property lines or boundaries." The subdivision plat, filed in the public records and referenced in the act of sale, provided the correct measurements of the lots in question. The sellers delivered the property *713 "as per plat;" therefore, there was compliance with the terms of the contract. See Arms v. New Orleans Area Council, Boy Scouts of America, 522 So.2d 668, 672 (La.App. 5th Cir.), writ denied, 523 So.2d 1340 (La.1988).
Under the circumstances presented in the instant matter, there is no material issue of fact, and appellants are not legally entitled to the relief they seek. The trial court's grant of summary judgment is affirmed. All costs associated with this appeal are assessed to appellants, Lester N. Strange and Barbara Lee M. Strange.
AFFIRMED.
GONZALES, J., concurs.
NOTES
[1] Appellants have not alleged, nor was any evidence presented, that they were fraudulently misled vis-a-vis the size of the lots. See Bass v. Coupel, 93-1270, pp. 14-15 (La.App. 1st Cir.6/23/95), 671 So.2d 344, 352.
[2] The "Revision Comments-1993" to La. C.C. art. 2495 indicate that the revision effects a merger of Articles 2494 and 2495 to the extent that any sale of immovable property, which is described as constituting a certain and limited body, constitutes a sale per aversionem. Prior to the revision, a sale by fixed boundaries had been classified as a "sale per aversionem," even though measurements of quantities were also given, if the stated boundaries controlled over the enumeration of measurements or quantities. Patterson v. Holmes, 464 So.2d 394, 400 (La.App. 1st Cir. 1985).