THOMPSON, J.
 

 This is a proceeding by rule to cancel from the mortgage records of ■ St. Tammany parish a conventional mortgage which primed in point of registry a judicial mortgage in plaintiffs’ favor resulting from a judgment obtained against the defendant Baham.
 

 The clerk of court and ex officio recorder ' of mortgages, the holder of the conventional mortgage, and the common debtor were all made defendants.
 

 The basis of plaintiffs’ demand is: That the conventional mortgage was fraudulent and without consideration; that the note to secure payment of which the mortgage was given was prescribed; and that the description of the land was insufficient to effectuate a valid mortgage and to serve as notice to third persons.
 

 The case was put at issue by answer, and on trial the rule was discharged and plaintiffs’ demand was rejected.
 

 Before judgment the plaintiffs expressly abandoned the charge of fraud ' and want of consideration, and the evidence appears to have been restricted to the pleaded prescription of the mortgage note. In this court, however, the plaintiff, in addition to the plea of prescription, contends that the mortgage is illegal for want of sufficient description of the property.
 

 The defendant Baham owned something over 300 acres of land situated in St. Tammany parish, some of which land was improved and cultivable. He owned also some live stock, including milk cows. In connection with his farming operations the defendant Baham engaged in the dairy business, and also cut and shipped cord wood.
 

 On August 5, 1913, Baham issued his promissory note payable to his own order ánd indorsed in blank for $10,000 with 7 per cent, interest from date, the note being payable one year after date. To secure the payment of said note a mortgage was granted upon three certain tracts of the land owned in said parish of St. Tammany, in favor of B. O. Vacher. The act of mortgage was passed before E. M. Stafford, notary public of this city, and the note was identified with the mortgage by the usual paraph.
 

 In due course the defendant Buigi Pecararo became the owner and holder of the note and mortgage, and we do not understand that his ownership or bona fidos is in any manner impugned.
 

 As before noted, the note matured on August 5, 1914. On the back of the note appear three separate notations of the payment of interest and extension of the time of payment of the note. The first bears date December 28, 1916, and extends the note for one year from that date. The second bears date August 5, 1917, and extends the note for one year from that date, and the third bears date November 21, 1919, and extends the note for one year from that date.
 

 ■ These payments on the note all purport to have been signed by the maker of the note. The plaintiffs do not question the genuineness of the signature of Baham to the .payments, but contest the sufficiency of the evidence to prove the fact of payment as indicated on the notes.
 

 We have reveiwed the testimony of the maker and holder of the note and feel convinced that the payments of interest were made at the time and in the manner as stated in the written acknowledgments.
 
 *527
 
 This conclusion is in accord with the finding of the trial judge. The evidence shows that the statements of the respective payments were written by a notary public at the time Baham affixed his signature. The fact that the signature appears to have been made with ink different from that of the other writing, and the fact that the witnesses were unable to name the different notaries who prepared the acknowledgments, are not sufficient to overcome the direct and positive evidence of the two witnesses that the payments were made and the acknowledgments signed as they purport to have been. It would serve no useful purpose to detail and discuss the evidence upon which this conclusion rests.
 

 It suffices to say that under the evidence in the record the note and mortgage were not prescribed at the time the plea was made in this case, and were not prescribed at the time the judicial sale was made in foreclosure of the mortgage, which was April 16, 1921.
 

 The several tracts of land were described in the mortgage as follows:
 

 “(1) 22 acres of land in St. Tammany parish, near Madisonville, section -. Tp. 7, R. -, same land acquired from Theodore Dendingen; (2) 155 acres of land in St. Tammany parish, section S3. Tp. 6 S., R. 10 east, being the same property which the said Baham acquired from the United States government; (3) 120 acres of land in St. Tammany parish, section 29. Tp. 6 S., R. 10 east, being the same property which said Baham acquired from R. Gladdis & Son in part of the 80 acres from L. Baham of 40 acres.”
 

 “This mortgage includes all improvements upon said land, as also a pledge on all the live stock on said place, consisting of 50 head of ■dairy cattle, three horses and all vehicles, farming implements, etc., as now contained upon said premises, together with the crops upon said land.”
 

 There can be no doubt of the correctness of the legal proposition, that in mortgages as in sales the property1 must be described with such substantial accuracy as to furnish the means of reasonable identification, and to inform the public of the thing intended to be mortgaged. “To render a conventional mortgage valid, it is necessary that the act establishing it shall state precisely the nature and situation of each of, the immovables on which the mortgage is granted.” C. C. art. 3306.
 

 The mortgage under consideration, in our opinion, meets the requirements of the foregoing quoted article. The nature of the property is stated to wit: Lands; and the situation of the land is described, while not entirely, completely, and accurately, yet with such degree of particularity as to leave no doubt as to the property intended to be mort-' gaged. The number of acres is given. The location by section, township, and range is stated, except as to the small tract of 22' acres; and .the name of the person from whom Baham acquired each tract is specially referred to in the act of mortgage. It is conceded that the titles by which Baham acquired the several tracts were extant upon the public records of the parish. A considerable part of the land was under fence and in cultivation.
 

 All of which facts, taken in connection with the recitals of the mortgage and the title papers of record in the parish where the land is situated, furnish ample means of' identification, and were sufficient to serve as notice to third persons dealing with Baham.
 

 The plaintiffs’ judgment against Baham was rendered more than three years after the conventional mortgage was executed and recorded, at which time it -is fair to assume from the evidence and the recitals of the mortgage that Baham was cultivating the land and operating a dairy. The plaintiffs therefore had full opportunity to be informed of what property Baham owned and the-exact nature and situation of the property included in' the mortgage. The fact is that the sheriff had no difficulty in identifying
 
 *529
 
 the property wlien he seized it in foreclosure of the mortgage.
 

 In this connection'we may appropriately .quote from what was said by this court in Consolidated Association of the Planters of La. v. J. W. Mason, 24 La. Ann. 518:
 

 “We are not prepared to fix the line between a valid and an invalid or sufficient or insufficient description, which shall serve as a guide in all future cases. Each case must depend on its own circumstances. In this case we cannot say that the act is so deficient in the description of the property in regard to its nature and situation as to render the mortgage invalid.” •
 

 For the reasons stated the judgment appealed from is affirmed, at appellants’ cost.