KLIEBERT, Judge.
This is a suspensive appeal by Margie C. Touchard, wife of /and Russell Joseph Boutte (hereafter Boutte), defendants, from a judgment ordering the partition in kind of a tract of land located along Bayou Bara-taría, near Lafitte, in Jefferson Parish. William Agoff (hereafter Agoff), plaintiff, filed suit alleging a 20% undivided interest in the tract. Boutte answered, denying Agoff’s alleged ownership and claiming ownership of the entire tract. The trial judge concluded Agoff owned an undivided 20% interest in the tract and Boutte owned the remaining 80% interest. We affirm.
Both Agoff and Boutte’s chain of title emanates through Isodore Fisher who acquired from Anatole Adam, the following described tract, by act before Samuel J. MeCune (McCune act) dated February 19, 1982:
A CERTAIN PIECE OR PORTION OF LAND, together with all the rights, ways, servitudes, privileges and advantages thereunto belonging or in any wise appertaining, situate, lying and being in the District of Barataría, in the Parish of Jefferson, this State, below the junction of Bayou Aux Oies, and situated immediately in the rear of properties belonging to Vincent Parray, Alphonse Belsome, Luden Adam, Wm. E. Adam, Villeur Pi-zani, Oliver Adam and the “Church”, which piece or portion of land begins at a distance of One Hundred Forty-Five (145) feet from Bayou Barataría and extends in depth to the rear line which is a distance of Ten arpents from Bayou Barata-ría, bounded on the upper side by a portion of land belonging to the present vendor [Anatole Adam] measuring Twenty-Five (25) feet front on Bayou Barataría by Ten arpents in depth, a part hereof being reserved for a cemetary, and on the lower side by property belonging to Forrest Adam, all of which will more full appear by reference to the sketch annexed hereto and made part hereof, and forms part of property acquired by said vendor, as per act registered in the Conveyance Office of this Parish, in Book “0” folio 149.
By judgments of possession rendered in the Successions of Isodore Fisher and his wife, Carrie Goldstein, their son, Joseph Fisher, was recognized as one of their heirs and as such entitled to the ownership and possession of an undivided 20% interest in the property. In the trial court, Agoff and Boutte stipulated that as of June 18, 1963, “Joseph Fisher owned a 20% interest in the property sought to be partitioned and he was free to convey same if he chose to do so.”
Agoff s claim of ownership in the tract sought to be partitioned emanates from a. *1170 sale made to him by Joseph Fisher. By act dated June 18, 1963 before Gilbert Cohen (Cohen act), Notary Public, there was conveyed to Agoff all of Joseph Fisher’s interest in the following described land, to-wit:
A CERTAIN PIECE OR PORTION OF GROUND, together with all the rights, ways, servitudes, privileges and advantages thereunto belonging or in anywise appertaining, situated, lying and being in the District of Barataría in the Parish of Jefferson, this State, and measuring 280 feet front on a lane 145 feet back from Bayou Barataría and extending in depth to ten arpents line bounded above by H. Perrin below by Cemetery.
Being the same property acquired by Isi-dore Fisher from Anatole Adam, and recorded in COB _, folio -, in the Parish of Jefferson, State of Louisiana.
Boutte contends the description is too vague and indefinite to convey the 20% interest owned by Joseph Fisher in the tract sought to be partitioned, because the upper and lower boundaries are erroneously stated.
Although Boutte’s pleadings allege an ownership of a 100% interest in the tract, he testified that he believed Agoff was the owner of a 20% interest in the tract until he saw Agoff’s acquisition. On examining Agoff's acquisition, he noted the upper and lower boundaries were in error, hence, he concluded it was not a conveyance of an interest in the tract which is the subject of this partition suit. Further, in 1973, when he made his first acquisition of an interest in the tract he knew and was aware his acquisition was for only an undivided 80% interest in the tract because he believed the remaining 20% interest was owned by Agoff.
The Notary and subscribing witnesses to the Cohen act testified that the description on the sale from Joseph Fisher to Agoff was “a rush job” compiled from the 1963 tax rolls, which contained the following description of the property:
“280 feet front on a lane 145 feet .back from Bayou Barataría and extending in depth to 10 arpents line bounded above by H. Perrin below by Cemetery.”
Agoff testified that he and Joseph Fisher had discussed the tract being conveyed and each knew the property sought to be conveyed was the same property which is the subject of this partition suit.
The McCune act described the tract as being bounded on the upper side by the cemetery, whereas, the Cohen act describes the tract as being bounded on the lower side by the cemetery. Several other acts were introduced as being in the Boutte chain of title and refer to Forrest Adam’s land as being on the upper side of the tract. All of these make reference to the sketch attached to the McCune act.
By joint stipulation the plaintiff and defendant submitted in evidence the “Payne Map.” Mr. Payne was the Parish Surveyor many years ago. According to the Payne Map, the tract in question here is bounded above by the property of Horace Perrin and a cemetery and below by the property of Forrest Adam.
Significantly, the flow of the current of Bayou Barataría is reflected in the Payne Map but not on the sketch attached to the McCune act. Apparently, counsel for Boutte conceded in closing trial argument (not reflected in the record) that the McCune act description and drawing were in error in that the upper and lower boundaries were reversed and that this error was perpetuated in numerous descriptions thereafter until it was detected and corrected in 1973 for both the trial court and Agoff’s counsel refers to the concession and it is not denied by Boutte’s counsel.
It is true, as contended by counsel for Boutte, that under the ruling of Snelling v. Adair, 196 La. 624, 199 So. 782 (La.1940) for a deed to be translative of title it must contain a description which properly identifies the property. The same case, however, holds at page 787 that:
“It is a settled rule of law in this state that if a portion of the description of property in a deed is either erroneous or misleading, it is nevertheless susceptible *1171 of conveyance if the property intended to be conveyed by the parties can be ascertained with certainty by the aid of such extrinsic evidence as is admissible under the rules of evidence.” (Citations Omitted)
The trial judge was and we are impressed by the fact that all of the various property descriptions described a tract of land being 145 feet back from Bayou Bara-taría, measuring 280 feet in width by ten arpents which can be identified on either the McCune sketch or the Payne Map. No one suggests confusion with another parcel of ground along the Bayou. . No one suggests there is another parcel of ground with the same dimensions, as that involved here, acquired by Isodore Fisher from Anatole Adam. It was common knowledge in the area that Agoff owned an interest in the property involved here and Boutte was aware of this and believed that Agoff was the owner when he commenced his efforts to acquire the remaining 80% of the tract. It takes extrinsic evidence to determine the boundaries are in error; but, when the cause of the error is known, the property can be easily identified as the one intended to be conveyed. When knowledge as to the flow of the current in Bayou Barataría is obtained, it is apparent the upper and lower boundaries were erroneously stated in the description. The same information, however, also shows the boundaries were merely reversed. When this is known the property intended to be conveyed is easily identified on the sketch attached to the McCune act and to the Payne Map.
Accordingly, the decision of the trial court is affirmed. All costs of the appeal to be borne by Boutte.
AFFIRMED.