LOLLEY, J.
 

 ^Nelson Energy, Inc. and Richard B. Nelson (“appellants”) appeal a judgment from the Second Judicial District Court, Claiborne Parish, Louisiana, which granted the motion for summary judgment in favor of Nitro Energy, L.L.C. and Donald Faust. For the following reasons, we affirm the trial court’s judgment.
 

 Facts
 

 The property at issue in this case is a portion of several tracts of land totaling 227 acres in Section 14, Township 19 North, Range 5 West (the “Swift Tract”). Although the parties are disputing that portion of the property that is located only in Claiborne Parish, some of the Swift Tract is also located in Lincoln Parish. The entire tract was identified initially in a deed dated August 26, 2002, from Emmett R. Woodard, Ann Woodard Windsor and Dell Woodard Nichols to Rickey K. Swift, Jeweline Malone Swift, Darren C. Swift and his wife, Cherrie Stallworth Smith (the “Woodard deed”). The Woodard deed was properly recorded in the conveyance records of both Claiborne and Lincoln Parishes, as it pertained to property located in both parishes.
 

 The appellant, Richard Nelson, obtained a mineral lease purporting to cover the entire Swift Tract on September 30, 2004, from each of the owners of the tract (the “Nelson Lease”). The Nelson Lease was recorded in Lincoln Parish on February 4, 2005. Although it purported to apply to all of the property in Lincoln and Claiborne parishes, Nelson did not record the Nelson Lease in Claiborne Parish, which he concedes was a mistake on his part. The Nelson Lease described the property affected by referring to the | ¡Woodard deed and included the Lincoln Parish recording information. The Claiborne Parish recording information was not referred to, and Nelson did not file the lease in the Claiborne Parish records until January 3, 2006.
 

 On December 21, 2005, Donald Faust obtained a mineral lease covering the portions of the Swift Tract only in Claiborne Parish; however, only two of the landowners, Rickey Swift and Jeweline Swift, signed (the “Faust Lease”). Together, Rickey and Jeweline owned two-thirds of the Swift Tract. That lease was recorded in the Claiborne Parish public records on the same day. The Faust Lease contained the following property:
 

 Section 14, Township 19 North, Range 5 West
 

 A tract of land containing 227 acres, more or less, and being the same land described in that deed dated August 26, 2002 from Emmett R. Woodard et al [sic] to Rickey K. Swift, and recorded in Book 1136, Page 363 of the conveyance records of the Lincoln Parish, LA. It is the intention of the Grantors to convey all their interest in that land lying in Claiborne Parish, La. whether more particularly described or not.
 

 The Faust Lease did not state that the property included lands in both Sections 11 and 14, Township 19 North, Range 5 West, because the Faust Lease only pertained to that part of the property in Claiborne Parish. Further, it did not refer to the Claiborne Parish conveyance book and page for the Woodard deed. Notably, on the day the Faust Lease was recorded, December 21, 2005, the Nelson Lease had not been recorded. As stated, the Nelson Lease was not recorded in the Claiborne Parish public records until January 3, 2006.
 

 In 2008, Nitro Energy and Faust filed suit seeking (among other claims) a declaration from the trial court that the Faust
 
 *526
 
 Lease was the pranking and valid lease on the portion of the Swift Tract located in Claiborne Parish, Louisiana, as to the two-thirds ownership interest described in the Faust Lease. The parties filed cross motions for summary judgment, agreeing ultimately that there was no dispute regarding the material facts of the case. They also agreed that the sole issue in dispute was the sufficiency of the description contained in the Faust Lease. After a hearing on the matter, the trial court ruled in favor of Nitro Energy and Faust, and this appeal by Nelson Energy and Nelson ensued.
 

 Discussion
 

 There is one issue on appeal: whether the property description stated in the Faust Lease is so inaccurate or faulty as to be actually misleading. Specifically, appellants urge that the Faust Lease contains several errors in the property description that are misleading and conflicting which would prevent a third party from identifying with certainty the property covered by the lease, so as to render the Faust Lease ineffective to third parties. Thus, we are called to determine whether the property description contained in the Faust Lease was sufficient to put third parties on notice. The parties agree that if it is, then the Faust Lease is the ranking and valid lease pertaining to that part of the Swift Tract located in Claiborne Parish.
 

 As stated, the Faust Lease describes the property it intends to affect as follows:
 

 Section 14, Township 19 North, Range 5 West
 

 A tract of land containing 227 acres, more or less, and being the same land described in that deed dated August 26, 2002 from Emmett R. Woodard et al [sic] to Rickey K. Swift,
 
 and recorded in Book 1136, Page 363 of the conveyance records \ ¿of the Lincoln Parish, LA.
 
 It is the intention of the Grantors to convey all their interest in that land lying in Claiborne Parish, La. whether more particularly described or not. (Emphasis added).
 

 Primarily, it is the emphasized text that the appellants contend makes the property description misleading. We disagree.
 

 This issue was decided on a motion for summary judgment, with the appellants contesting the trial court’s grant of the motion for summary judgment filed by Faust and Nitro Energy. In considering the trial court’s rulings on a summary judgment motion, we apply a
 
 de novo
 
 standard of review. Summary judgment should be granted where “the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La.Code Civ. P. art. 966(B). Here, as there is no genuine issue of material fact, we must determine whether Nitro Energy and Faust were entitled to summary judgment as a matter of law.
 

 Louisiana C.C. art. 3338 now states the public records doctrine under Louisiana law. It states, in pertinent part, as follows:
 

 The rights and obligations established or created by the following written instruments are without effect as to a third person unless the instrument is registered by recording it in the appropriate mortgage or conveyance records pursuant to the provisions of this Title:
 

 (1) An instrument that transfers an immovable or establishes a real right in or over an immovable.
 

 A third person is a person who is not a party to or personally bound by an instrument. La. C.C. art. 3343. Thus, Faust is a third party as to the Nelson | .¿Lease and Nelson is a third party as to the Faust
 
 *527
 
 Lease. Further, as pointed out by Faust, mineral leases are classified as incorporeal immovable property, and as such, they are subject to the public records doctrine as provided in the Civil Code. La. R.S. 31:18.
 

 The question in this case is whether the Faust Lease contained a sufficient property description as to put third parties on notice. Louisiana jurisprudence has not established precise criteria to determine what description in the public records is sufficient to place third persons on notice, and such determination is to be made on a case by case basis.
 
 Santopadre v. Pelican Homestead and Sav. Ass’n,
 
 782 F.Supp. 1138 (E.D.La.1992);
 
 see also,
 
 Peter Title,
 
 Louisiana Real Estate Transactions
 
 § 8:9 (2009). In fact, as long ago as 1872, in the case of
 
 Consolidated Ass’n of Planters of Louisiana v. Mason,
 
 24 La.Ann. 518 (1872), the Louisiana Supreme Court recognized the impossibility of adopting a standard for distinguishing a description which would be sufficient from one which would not be sufficient, to put third parties on notice, noting that “[w]e are not prepared to fix the line between a valid and invalid or sufficient and insufficient description, which shall serve as a guide in all future cases. Each case must depend on its own circumstances.” Notably, however, courts have been liberal in construing the description of property in deeds, so as to sustain, rather than defeat, the conveyance.
 
 Emerson v. Cotton,
 
 209 La. 1003, 26 So.2d 16 (La.1946). We believe the same standard should hold true for the construction of property descriptions in other acts affecting immovable property as well.
 

 In
 
 Daigle v. Calcasieu Nat. Bank in Lake Charles,
 
 200 La. 1006, 9 So.2d 394 (La.1942), the supreme court determined that a vague and indefinite description, in an instrument purporting to convey title to real estate, as all of the land owned by the seller in a named parish, is not sufficiently specific to give notice to third parties thereafter dealing with the seller. In
 
 Hargrove v. Hodge,
 
 9 La.App. 434, 121 So. 224, 225 (La.App. 2d Cir.1928), it was determined that the property description in the instrument must be such that the property intended to be conveyed could be located and identified, and the general rule is that the description must fully appear within the four corners of the instrument itself, or that the instrument should refer to some map, plat, or deed as a part of the description, so that the same may be clear.
 

 We agree with the line of cases relied upon by Faust in support of his motion. Notably, it is well settled that a property description in a conveyance is sufficient if it makes reference to the vendor’s deed of acquisition (as in the case at hand).
 
 Lawler v. Bradford,
 
 113 La. 415, 37 So. 12 (La.1904). We also agree that the case,
 
 H.J. Smith & Sons v. Baham,
 
 157 La. 524, 102 So. 657 (La.1925), is precisely on point. There, the supreme court deemed sufficient a property description that left blank the section and range that a portion of the property was located in but included information referring to the original acquisition of the property. 157 La. at 528, 102 So. at 658.
 

 We believe the court’s reasoning in
 
 Ba-ham
 
 is persuasive here as well. In this case, the property is described by three identifying elements in the |7Faust Lease. First, it is described as being part of a 227 acre tract of land located in Section 14, Township 19 North, Range 5 West. Second, it is stated to be that part of the tract that is in Claiborne Parish only. Third, and finally, it identified as that tract of land that was conveyed by a deed dated August 26, 2002, from Woodard to Rickey K. Swift. The fact that the Faust Lease goes on to give the recordation information for the Woodard deed in Lincoln Parish is
 
 *528
 
 not misleading, i.e., it would not throw someone off the scent of tracking down the Woodard deed in the Claiborne Parish conveyance records, even though the recordation information was not applicable in Claiborne Parish.
 

 The appellants’ emphasis on the flaws in the Faust Lease are misdirected since the question is simply whether you can locate the property even with the flaws or the superfluous recordation information for Lincoln Parish. The most important directive included in the property description in the Faust Lease is that it makes an adequate reference to another recorded document that contains a metes and bounds description of the property. The fact that it gives the recordation information for Lincoln Parish rather than Claiborne Parish is immaterial, significantly because the description contained sufficient information for a third person to easily find the Woodard deed in the Claiborne Parish public records — where the entire metes and bounds description would be obtained. The names of the parties to the Woodard deed as well as the date of the instrument are sufficient for a third person to locate the instrument in the Claiborne Parish records. So considering, while not entirely and completely accurate in and of itself, the |sproperty in the Faust Lease is described with a degree of particularity as to leave no doubt as to the property intended to be affected. Thus, we conclude that the property description in the Faust Lease was sufficient to put third parties on notice as to which property was affected, and the trial court’s judgment was not in error.
 

 Conclusion
 

 For the foregoing reasons, we conclude that the trial court properly granted the motion for summary judgement in favor of Nitro Energy, L.L.C. and Donald Faust. All costs of these proceedings are assessed to appellants.
 

 AFFIRMED.