Judgment rendered January 13, 2021.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 53,670-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

COVEY PARK GAS, LLC                            Plaintiff-Appellant

versus

BULL RUN ACQUISITIONS II, LLC          Defendant-Appellees
AND BEAVER RIVER
RESOURCES, ET AL.

* * * * *

Appealed from the
Forty-Second Judicial District Court for the
Parish of DeSoto, Louisiana
Trial Court No. 80,436

Honorable Amy Burford McCartney, Judge

* * * * *

| | |
|---|---|
| SHUEY SMITH, LLC | Counsel for Appellant |
| By: Richard E. Hiller | Beaver River Resources |
| | |
| OTTINGER HEBERT, LLC | Counsel for Appellee |
| By: J. Michael Fussell | Bull Run Acquisitions |
| Ryan P. McAlister | |
| | |
| HARGROVE SMELLEY & STRICKLAND | Counsel for Appellee |
| By: Jonathan J. Rose | Covey Park Gas, LLC |
| | |
| JOHN S. EVANS | Counsel for Appellee |
| | James Burdick |
| | |
| CYNTHIA LOUISE BURDICK-BURNS | In Proper Person |
| CHARLES J. BARLOW | In Proper Person |
| TAMARA C. BARLOW-RUGGLES | In Proper Person |
| JACQUELINE K. MACKEY | In Proper Person |

* * * * *

Before MOORE, GARRETT, and BLEICH (*Pro Tempore*), JJ.

**MOORE, C.J.**

Beaver River Resources ("BRR"), an Oklahoma partnership, appeals a partial summary judgment that dismissed it from a concursus claim involving mineral royalties from two tracts of land in DeSoto Parish.

In 2008, Covey Park Gas became the unit operator of HA RA SU61, a unit in DeSoto Parish. It drilled three wells which are drawing production from three tracts within the unit, and it began paying royalties to BRR, the apparent mineral owner of the tracts. However, in 2019, Covey Park received a demand letter from another entity, Bull Run Acquisitions II LLC ("Bull Run"), claiming that it owned the minerals for two of the tracts. Covey Park suspended royalty payments, filed this concursus against Bull Run, BRR, and various absentee claimants, and began placing royalties in the court registry. Bull Run filed a motion for partial summary judgment to dismiss BRR's claim. The district court granted this, and BRR has appealed.

For the reasons expressed, we affirm.

## FACTUAL BACKGROUND

The subject property is an undivided mineral interest (11.4285 mineral acres) in two tracts in DeSoto Parish, described as follows (with *emphasis added*, here and below):

> South Half of the *Southwest Quarter* (S/2 of *SW/4*) of
> Sec. 32, T 14 N, R 15 W, DeSoto Parish, La.

> South Half of the Northeast Quarter of the *Southwest Quarter*
> (S/2 of NE/4 of *SW/4*) of Sec. 32, T 14 N, R 15 W, DeSoto Parish, La.

The common ancestor for these rights was Mrs. Naomi Brewer, of Hot Springs, Arkansas, who bought a 2/7 mineral interest in the subject property in 1946. She also bought a 2/7 mineral interest in a third tract:

South Half of the *Southeast Quarter* (S/2 of *SE/4*) of
Sec. 32, T 14 N, R 15 W, DeSoto Parish, La.

Mrs. Brewer died in 2005; her will gave her Louisiana assets to Bank of America, as trustee for her various nieces, nephews, and other collateral heirs. In the succession proceeding, Bank of America filed a detailed descriptive list that referred to an undivided mineral interest in "319.09 acres more or less in the West one-half (W/2)" of Sec. 32, "including that certain 0.01116100 RI in the LaGrone-Tucker Well." The court rendered judgment to close the succession, transferring the described assets to Bank of America. This judgment was filed in the succession proceeding but not in the conveyance records of DeSoto Parish.

Bank of America listed Mrs. Brewer's property on EnergyNet.com. BRR bought it at auction, receiving an "Oil and Gas Deed" from Bank of America, effective September 1, 2008. However, the Oil and Gas Deed described the subject property as follows:

DESOTO PARISH, LOUISIANA
2/7THS MI 11.4285 ACS NW4 *SE4* SEC 32-14N-15W 1/8 RI
LAGRONE-TUCKER

The Oil and Gas Deed was filed in the conveyance records, and notably omitted describing anything in the *Southwest Quarter*.

Around this same time, at the height of the Haynesville Shale play, Covey Park became the unit operator and drilled three wells that have been producing since 2008. Covey Park began paying royalties to BRR.

In September 2018, Bank of America sued to reopen Mrs. Brewer's succession. It alleged that it "recently [came] to the petitioner's attention" that the Oil and Gas Deed described only the tract in the *Southeast Quarter*, whereas Mrs. Brewer's deeds also described the subject property, two tracts

2

in the *Southwest Quarter*. Bank of America sought judgment to distribute these "remaining trust assets" to 16 named beneficiaries. The court rendered judgment to this effect on September 20, 2018, and the judgment was filed in the conveyance records.

At this point, Bull Run entered the scene, approaching the dispersed (seven different states) beneficiaries and negotiating with them to buy all their interest in the subject property, without warranty. Between October and December 2018, Bull Run executed identical mineral deeds describing the two tracts in the *Southwest Quarter*. Citing these mineral deeds, Bull Run sent a demand letter, R.S. 31:137, to Covey Park in February 2019. Covey Park responded that it was already paying BRR, but something was wrong. It filed this concursus in May 2019.

**PROCEDURAL HISTORY**

Bull Run immediately answered and alleged that BRR's Oil and Gas Deed did not describe the subject property, only the adjacent tract in the *Southeast Quarter*. By contrast, Bull Run's mineral deeds did describe the subject property, the two tracts in the *Southwest Quarter*.

BRR answered, asserting that it "acquired, and believes it acquired," the subject property.

Bull Run filed this motion for partial summary judgment seeking to dismiss BRR on grounds that (1) the Oil and Gas Deed did not transfer any interest in the subject property to BRR, and (2) the property description in the Oil and Gas Deed did not describe the subject property sufficiently to place third parties on notice. In support, it attached the affidavit of its registered agent, Russell Busby; copies of the title documents (Mrs. Brewer's 1946 mineral deeds, BRR's Oil and Gas Deed, the 2018 judgment

3

of possession); the letters between Bull Run and Covey Park; and the petition for concursus and BRR's answer.

BRR opposed the motion. It conceded that its Oil and Gas Deed conveyed only one of Mrs. Brewer's three tracts and omitted the subject property; the succession had been reopened to distribute the subject property to the beneficiaries; and those beneficiaries sold their interest to Bull Run. It argued, however, that both BRR and Bank of America had *intended* to convey all three tracts to BRR, and the error was discovered only in 2018. In support, it showed that its petition to close Mrs. Brewer's succession, and the judgment of possession, both described all three tracts; it contended that the discrepancy between these documents and the Oil and Gas Deed should have placed any third person on notice that the latter was in error. BRR also argued that the Oil and Gas Deed was "subject to reformation," in light of the evidence; that Bull Run would be bound by the reformed Oil and Gas Deed; and that Bull Run was in bad faith because it "took advantage" of the mistake in the Oil and Gas Deed. In support, it offered the affidavit of its principals, Dan Janzen and Mike Reddick, asserting their intent to acquire the subject property by auction in 2008, and several documents already offered by Bull Run.

After a hearing in January 2020, the court granted Bull Run's motion and rendered judgment dismissing BRR as a claimant, with findings that the Oil and Gas Deed (1) did not convey any mineral interests in the Southwest Quarter, and (2) did not sufficiently describe the subject property. The court designated this a final judgment, immediately appealable, La. C.C.P. art. 1915 B(1).

BRR appealed suspensively.

**APPLICABLE LAW**

The motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. *Peironnet v. Matador Res. Co.*, 12-2292 (La. 6/28/13), 144 So. 3d 791; *Bank of America NA v. Green*, 52,044 (La. App. 2 Cir. 5/23/18), 249 So. 3d 219. The motion shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 A(3). The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of actions; it is favored and must be construed to accomplish these ends. La. C.C.P. art. 966 A(2). Review of summary judgments is de novo. *Murphy v. Savannah*, 18-0991 (La. 5/8/19), 282 So. 3d 1034; *J & L Oil Co. v. KM Oil Co.*, 51,898 (La. App. 2 Cir. 2/28/18), 247 So. 3d 147.

Reformation of instruments is an equitable remedy which lies only to correct mistakes or errors in written instruments when such instruments, as written, do not express the true contract of the parties. *Merritt v. Hays*, 237 La. 557, 111 So. 2d 771 (1959); *Lewis v. Saucer*, 26,685 (La. App. 2 Cir. 4/5/95), 653 So. 2d 1254. It is a personal action, even when applied to real estate, in which the burden is on the person seeking reformation to establish the mutual error or mistake by clear and convincing proof, parol evidence being admissible for this purpose. *Id.* A written instrument may be reformed to make it express truly and correctly the intention of the parties, provided the rights of third parties have not intervened. *Reynaud v. Bullock*, 195 La. 86, 196 So. 29 (1940); *Lewis v. Saucer*, *supra*. An instrument may not be reformed or corrected to the prejudice of third parties who are

5

authorized to rely on the integrity of the instrument or who have relied on the public records. *Id.* The action for reformation is subject to ten years' liberative prescription. La. C.C. art. 3499; *Tealwood Props. LLC v. Succession of Graves*, 45,975 (La. App. 2 Cir. 4/27/11), 64 So. 3d 397; *Ward's Creek Inv'rs LLC v. L & C Baton Rouge LLC*, 2018-1258 (La. App. 1 Cir. 5/24/19), 277 So. 3d 1187.

The Louisiana public records doctrine is generally set forth in La. C.C. art. 3338, which provides, in pertinent part:

> The rights and obligations established or created by the following written instruments are without effect as to a third person unless the instrument is registered by recording it in the appropriate mortgage or conveyance records pursuant to the provisions of this Title:

> (1) An instrument that transfers an immovable or establishes a real right in or over an immovable.

Under this doctrine, a third person need only look to the public records to determine adverse claims. *Compass Energy Oper. LLC v. Robena Prop. & Royalty Co.*, 52,468 (La. App. 2 Cir. 2/27/19), 265 So. 3d 1160; *Carr v. Oaktree Apts.*, 45,514 (La. App. 2 Cir. 8/11/10), 46 So. 3d 793, *writ denied*, 10-2092 (La. 11/12/10), 49 So. 3d 896. The primary focus of the public records doctrine is the protection of third persons from unrecorded interests. *Cimarex Ener. Co. v. Mauboules*, 09-1170 (La. 4/9/10), 40 So. 3d 931. Because it does not create rights but rather denies the effect of certain rights unless they are recorded, the public records doctrine is referred to as a negative doctrine. *Id.*; *Carr v. Oaktree Apts.*, *supra*.

The description in a deed must be such that the property intended to be conveyed can be located and identified, and the general rule is that the

6

description must fully appear within the four corners of the instrument itself, or that the deed should refer to some map, plat, or other deed as part of the description, so that the description may be clear. *Quality Envtl. Processes Inc. v. I.P. Petroleum Co.*, 13-1582 (La. 5/7/14), 144 So. 3d 1011, 184 Oil & Gas Rep. 690; *Taylor v. Dumas*, 48,055 (La. App. 2 Cir. 5/15/13), 115 So. 3d 755, *writ denied*, 13-1715 (La. 11/1/13), 125 So. 3d 432. The courts have not established precise criteria to determine whether a property description is sufficient; rather, they take every case on its own facts and apply a liberal construction so as to sustain, rather than defeat, the conveyance. *Quality Envtl. Processes v. I.P. Petroleum*, *supra*; *Nitro Energy LLC v. Nelson Energy Inc.*, 45,201 (La. App. 2 Cir. 4/14/10), 34 So. 3d 524, 177 Oil & Gas Rep. 648.

### DISCUSSION

By its first assignment of error, BRR urges the district court erred by finding, as a matter of law, that the Oil and Gas Deed did not convey the subject property to BRR, as BRR's "unresolved prospective claim for reformation" of the Oil and Gas Deed created a genuine issue for trial.

BRR first argues that the existence of a viable prospective claim for reformation creates a genuine issue, as in *Dunn v. Pons*, 03-1486 (La. App. 5 Cir. 4/27/04), 873 So. 2d 811, *Western v. Stoot*, 05-186 (La. App. 5 Cir. 10/6/05), 916 So. 2d 1195, and *Washington v. Montgomery Ward Life Ins. Co.*, 25,921 (La. App. 2 Cir. 6/22/94), 640 So. 2d 822, *writ denied*, 94-2302 (La. 11/18/94), 646 So. 2d 385. BRR concedes that these cases were all insurance coverage claims in which an insured defeated summary judgment by showing that the policy did not reflect his true intent and that he could possibly reform it. However, BRR submits that deeds are subject to the

7

same rules of interpretation as insurance policies, as stated in *Ford v. Lester*, 48,932 (La. App. 2 Cir. 5/14/14), 139 So. 3d 22, *writ denied*, 14-1567 (La. 11/7/14), 152 So. 3d 175, and *DeMoss v. Pine Hills Golf & Country Club Inc.*, 42,033 (La. App. 2 Cir. 4/4/07), 954 So. 2d 316.

BRR next argues that the affidavit of its principals, Janzen and Reddick, clearly established that BRR intended to acquire all three of Mrs. Brewer's tracts, including the subject property. In light of this fact, and the obvious discrepancy between the succession papers and the Oil and Gas Deed, BRR submits that it could easily win a suit for reformation against Bank of America. Finally, it submits that such a suit would be timely, as the 10-year prescriptive period did not begin to run until BRR discovered the error. In support, it cites *Ward's Creek Inv'rs v. L & C Baton Rouge*, *supra*.

On de novo review, we find that BRR's theoretical claim for reformation of the Oil and Gas Deed does not create a genuine issue of material fact. A written instrument may not be reformed or corrected to the prejudice of third parties who relied on the integrity of the instrument or on the public records. *Reynaud v. Bullock*, *supra*; *Lewis v. Saucer*, *supra*. To reform the Oil and Gas Deed to add the subject property would obviously prejudice Bull Run, which relied on public records showing that the subject property belonged to somebody else, from whom it acquired title. This fact distinguishes the case from the two-party claims in *Dunn v. Pons*, *supra*, *Washington v. Montgomery Ward Life Ins.*, *supra*, and the other insurance coverage cases cited by BRR.

Moreover, the Oil and Gas Deed was executed August 11, effective September 1, 2008. By the time Covey Park filed its concursus, in May 2019, the action for reformation had prescribed, as it must be brought within

8

10 years. La. C.C. art. 3499; *Tealwood Props. v. Succession of Graves*, *supra*. BRR correctly shows that the prescriptive period does not begin to run until the party seeking reformation discovers or should have discovered the error. *Agurs v. Holt*, 232 La. 1026, 95 So. 2d 644 (1957); *Ward's Creek Inv'rs v. L & C Baton Rouge*, *supra*. However, BRR's theory of the case is that the description in the Oil and Gas Deed is so deficient that Bull Run should have recognized the error on the face of the document; if this is so, then it was facially deficient enough to place BRR on the same notice, on the date of execution. In that event, prescription has tolled.

Finally, we observe that if BRR had actually filed a petition for reformation, this would have entailed a notice of pendency of action, La. C.C.P. art. 3752, and subjected the concursus to lis pendens until the claim of reformation could be resolved. BRR's decision to forgo this basic procedure reinforces our de novo finding that the rights of third parties and the running of prescription would negate the action for reformation.

On this record, the "prospective claim" for reformation does not create a genuine issue of material fact that would bar summary judgment. This assignment of error lacks merit.

By its second assignment of error, BRR urges the court erred by finding, as a matter of law, that the Oil and Gas Deed did not describe the subject property sufficiently to put third parties on notice that the subject property was intended to be transferred, when the Oil and Gas Deed is coupled with the documents filed in Ms. Brewer's succession. BRR concedes that the Oil and Gas Deed "did not perfectly describe" the subject property, but argues that the correct description, in the succession papers, placed a reasonable buyer on notice that Bank of America intended to sell

9

the subject property to BRR. BRR submits that even a faulty property description may be adequate, "if it is not so inaccurate or faulty as to be misleading," *Carr v. Oaktree Apts.*, *supra*; *Compass Energy Oper. v. Robena Prop. & Royalty Co.*, *supra*. Finally, BRR suggests that because Bull Run could have discerned the true intent of the Oil and Gas Deed, it is not an "innocent purchaser" but took title at the peril of BRR's claim. *Compass Energy Oper. v. Robena Prop. & Royalty Co.*, *supra*; *Burt v. Valois*, 144 So. 2d 196 (La. App. 1 Cir. 1962).

Third persons need only look to the appropriate mortgage or conveyance records to determine adverse claims. La. C.C. art. 3338; *Carr v. Oaktree Apts.*, *supra*. The summary judgment evidence shows that Bank of America's petition to transfer assets and close succession, and the resulting judgment, were filed in the suit record of the succession proceeding, but not in the conveyance records. Documents filed only in a suit record, and not in the conveyance records, do not place third parties on notice. *Camel v. Waller*, 526 So. 2d 1086 (La. 1988); *Biggs v. Hatter*, 46,910 (La. App. 2 Cir. 4/11/12), 91 So. 3d 1148, *writ denied*, 12-1075 (La. 9/21/12), 98 So. 3d 337. On de novo review, we find no properly recorded instrument with a property description that would have placed Bull Run on notice as to a potential title claim, thus distinguishing the case from *Compass Energy v. Robena Prop.* and *Burt v. Valois*, *supra*.

Finally, we have considered whether the Oil and Gas Deed may be interpreted to describe the subject property, given the courts' liberal construction of deeds to give effect to transfers, *Quality Envtl. Processes v. I.P. Petroleum*, *supra*; *Nitro Energy v. Nelson Energy*, *supra*. Various cases have reformed deeds, or fixed boundaries, when an inaccurate description in

10

the deed can be corrected by examining geographical landmarks or human constructions, *Agoff v. Boutte*, 420 So. 2d 1168 (La. App. 5 Cir. 1982), and *Dupont v. Percy*, 28 So. 2d 359 (La. App. 1 Cir. 1946); by the presence of "other descriptive designations" in the deed, *Snelling v. Adair*, 196 La. 624, 199 So. 782 (1941); or by the incorporation by reference of exhibits or maps, *Quality Envtl. Processes v. I.P. Petroleum*, *supra*; *Compass Energy Oper. v. Robena Prop. & Royalty Co.*, *supra*. However, a deed that describes a different tract from the one intended is ineffective as to third parties, *Quatre Parish Co. v. Beauregard Parish Sch. Bd.*, 220 La. 592, 57 So. 2d 592 (1952); *Roberson v. Chance*, 50,169 (La. App. 2 Cir. 11/18/15), 182 So. 3d 203, *writ denied*, 16-0253 (La. 4/4/16), 190 So. 3d 1208; *Ryan v. Lee*, 38,352 (La. App. 2 Cir. 4/14/04), 870 So. 2d 1137, *writ denied*, 04-1531 (La. 10/1/04), 883 So. 2d 991.

The Oil and Gas Deed described a tract in the *Southeast Quarter* of Section 32, with no reference to geographical features, constructions, exhibits or maps, or "other descriptive designations." On de novo review, we find the description inadequate to affect two completely different tracts in the *Southwest Quarter* of Section 32. The district court did not err in finding no genuine issue of material fact on this question. This assignment of error lacks merit.

## CONCLUSION

For the reasons expressed, the judgment is affirmed. All costs are to be paid by the appellant, Beaver River Resources.

**AFFIRMED**.

11